JAMES MORRIS, TRUSTEE, &c., Respondent, v. THOMAS J. HORRELL et als., Appellants.

1. *Landlord and Tenant—Appeals—Justices.*—Where the landlord sues to recover possession for the non-payment of the rent and recovers judgment, if the defendant appeal, a condition of the bond that the defendant shall pay all rents then due and to accrue, and shall stay waste, is good. (R. C. 1855, p. 1018, § 41.)

2. *Judgment—Estoppel.*—In a suit by a landlord to recover possession of premises for non-payment of rent, a judgment that a certain amount is in arrears, and awarding possession, is, in a suit upon the appeal bond, conclusive upon the tenant as to the amount then due.

3. *Practice—Default—St. Louis County.*—A judgment by default may, in Saint Louis county, be made final at the return term. (R. C. 1855, p. 1595, § 25.)

*Appeal from St. Louis Common Pleas.*

*H. Cobb*, for appellants.

Conditions not allowed by law, when inserted in a statutory bond, are illegal and void.

I. The summary remedy provided for by the statutes in the Landlord and Tenant Act should be strictly construed, and the landlord should not be allowed any more privileges thereby than such as the law clearly allows.

II. The law expressly allows a " condition to stay waste," but does not thus allow a condition to pay rent to be inserted in the appeal bond ; and if a court should construe such a condition to be legal, it would enlarge the privileges of the landlord beyond the limits that a literal construction of the law allows.

III. It is not the province of the court, but of the Legislature, to modify the law so as to change the standard amount of a bond into a condition to pay a certain debt of that standard amount.

IV. If the Landlord and Tenant Act is defective in its severity in favor of the landlord, he who invokes it must abide by its defects of severity.

V. The law does not allow the condition that the defendant shall prosecute his appeal unconditionally "with effect" to be inserted in the bond; but instead thereof declares that the condition to be inserted in the bond shall be, "if his appeal shall be dismissed, and he shall pay the judgment of the justice, together with the costs of the appeal, the recognizance shall be void" (see § 4, p. 973, R. C. 1855); and as this condition is clearly allowed, and is in the distinct "manner provided by law for appeals," another ambiguous provision cannot be permitted to prevail over and nullify it, in order to add severity to a law otherwise harsh.

In the case of the United States v. Hopkins, (2 Hall's Am. L. J.,) the court decided, "that a condition in a bond taken by a public officer, not authorized by the law which requires the bond, is void, and no action can be maintained for the breach of such condition. (1 Peters, C. C. R. 46; 5 Barr. 250; R. C. 1855, p. 927, § 4, & R. C. 1855, p. 1018, § 41.)

*L. Eaton*, for respondent.

DRYDEN, Judge, delivered the opinion of the court.

This was an action founded on a penal bond given by the appellants to the respondent, on an appeal to the Land Court from the judgment of a justice of the peace, in a proceeding instituted by the respondent against the appellant Horrell, to recover possession of a dwelling-house in the city of St. Louis, under the provisions of the Landlord and Tenant law of 1855. (R. C. 1855, p. 1016, § 33.) The appeal having been dismissed in the Land Court, the present action was brought on the appeal bond, to recover damages for breach

of its conditions. Breaches of the several conditions were duly assigned in the petition, the main one being the non-payment of the rents, amounting to seven hundred dollars due on the property involved in the proceeding before the justice of the peace. The appellants demurred to the petition; the demurrer was overruled, and the defendants having failed to avail themselves of the privilege of answering within the time prescribed by the rules of the court, an interlocutory judgment was rendered in the case for want of an answer, and afterwards, during the same term, an inquiry of damages was had, and the interlocutory judgment was made final. The defendants then moved to set aside the finding and judgment of the court, but the motion being overruled, they appealed to this court. The objections urged in this court to the action of the Common Pleas resolve themselves into these three :

1. That the condition expressed in the bond to pay rent due and to accrue on the property then in controversy was not warranted by the statute and was therefore void, and the petition which sought a recovery for the breach of that condition was for that cause bad, and should have been so held on demurrer.

2. That the evidence, on the inquiry of damages, disclosed the fact that, at the time of the institution of the original suit for possession, the sum claimed in that proceeding to be due for rent, was greatly in excess of the sum then really due, and that for this cause the respondent should not have been permitted to recover in the present action ; and

3. That the final judgment was prematurely rendered and ought to have been set aside on the appellant's motion.

1. As to the supposed invalidity of the condition of the bond : This objection depends upon the sense and scope of the forty-first section of the Landlord and Tenant law, with the requirements of which the bond in question was intended to comply. (R. C. 1855, p. 1018.) The section provides " that appeals shall be allowed from judgments of justices of the peace, in all cases prosecuted under this act,

in the manner provided by law for appeals in other civil cases; but no appeal shall be allowed the defendant unless he give bond with security sufficient to secure the payment of all damages, costs, and rent then due and to accrue, and with condition to stay waste."

The counsel for the appellants insists that "the manner" of appealing as contemplated by this section includes the form of the recognizance, and that in so far as the condition of the bond under consideration transcends the condition prescribed by the general law for recognizances in other civil cases, it is unlawful and void. The proposition that the condition of the recognizance, in the two classes of cases, the defendant being the appellant, cannot be maintained; it is in harmony neither with the words nor the spirit of the act. The condition of a recognizance for appeal in ordinary cases, is that "if, on such appeal, the judgment of the justice be affirmed, or if, on the trial anew in the appellate court, judgment be given against the appellant, and he shall satisfy such judgment, or if his appeal shall be dismissed, and he shall pay the judgment of the justice together with the costs of the appeal, the recognizance shall be void." A bond embracing these conditions, if executed by responsible obligors, on an appeal by the defendant from a judgment for debt or damages, would afford the plaintiff ample security for the attainment of the object of his lawsuit in case he ultimately prevailed; but how utterly worthless would a bond (no matter by whom executed) with such condition be to a landlord seeking to recover possession from a defaulting irresponsible tenant. The landlord sues and recovers judgment for possession because, and only because, the tenant has failed to pay his rent; the tenant appeals, giving the recognizance required under the general law in ordinary civil cases; after the delay it may be of years, a trial is had in the appellate court, and the landlord recovers a judgment for possession, not for possession and for rents and profits as in ejectment, (for in the proceeding under the statute rents are not recoverable,) the tenant then surrenders to his land-

lord and pays the costs of the litigation, and thus satisfies all the conditions of the bond. But what is now the plight of the landlord? He has gotten what, as seen by the record, he sued for, but has failed of getting, generally forever has lost, what was in fact the very object of his suit—the rent. Our law-makers are not obnoxious to the charge of an oversight from which any such results would follow; it was to meet just such state of case, and to prevent just such results, that that clause of the forty-first section before recited was adopted, providing that a defendant should not appeal "unless he gave bond with security sufficient to secure the payment of all damages, costs, and rents then due and to accrue, and with condition to stay waste." The bond as well as the condition thereof on which this suit is founded was in conformity with that section, and was therefore a valid statutory bond, and the breach of the condition to pay rent exposed the obligors to an action.

2. The question as to what amount was due for rent at the time of the institution of the suit for possession, was directly involved in that proceeding, and was material to the determination of the controversy, and having been determined in that case by a court of competent jurisdiction, it is not open to inquiry in the present suit between the same parties. But a further answer to the second objection urged by the appellants is that their default admitted the plaintiff's cause of action, leaving for inquiry only the quantum of the plaintiff's damages.

The breaches assigned being admitted by the default, the plaintiff was entitled in any event to recover at least nominal damages.

3. As to the point that the final judgment was prematurely rendered, under the general law of the State regulating practice in civil cases, the objection would be held to have been well taken, but by the provisions of "An act of the General Assembly for regulating the times of holding courts in St. Louis county, and for other purposes, made specially applicable to said county," approved Feb. 28, 1855, (Session

Acts 1855, p. 19,) a contrary rule is established for cases in the St. Louis courts.

There is no error in the record, and with the concurrence of Judge Bay the judgment of the Common Pleas will be affirmed.