GEORGE W. PHILLIPS, administrator, *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Middlesex.  Jan. 16. — Mar. 5, 1877.  MORTON & ENDICOTT, JJ., absent.

The St. of 1869, c. 378, authorized the county commissioners to "remove all dams" on certain streams "for the purposes of proper drainage" in certain towns, and provided that damages therefor should be assessed "in the same manner" as "in the laying out of highways." *Held,* on a petition for a writ of certiorari by the administrator of the owner of a dam so removed, that a county commissioner, by reason of being a resident of one of the towns, was not disqualified to act in the proceedings relative to such a removal; that the owner of the dam, within a year after the order for the removal of the same, without any assessment of damages, followed by a refusal to settle with him, might apply for a jury to assess his damages; and that his petition for a jury did not abate by reason of his death, and his legal representative might appear and prosecute.

PETITION by the administrator of David Dyer for a writ of certiorari. By order of court, notice to show cause why the petition should not be granted, was given to the Boston and Maine Railroad, and to the towns of Malden and Melrose. The

case vas heard before *Morton,* J., who reserved it for the consideration of the full court.   The facts appear in the opinion.

*G. W. Phillips, pro se.*

*E. R. Hoar, (B. F. Hayes* with him,) for the town of Malden.

*C. P. Judd,* for the Boston and Maine Railroad.

*F. S. Hesseltine,* for the town of Melrose.

*C. Robinson, Jr.,* for the county commissioners.

COLT, J.   Under the St. of 1869, *c.* 378, entitled, " An act relating to drainage in the towns of Malden and Melrose," the county commissioners of Middlesex, after an examination of the premises, and a hearing on the question of removing obstructions, declared that they deemed the removal of the dam at Dyer's privilege " necessary for the purposes of proper drainage and the public health," and thereupon issued an order, on March 28, 1871, that the dam be removed in such manner that the water standing above it may pass away.   It was accordingly at once removed by agents appointed by the commissioners for that purpose.

The dam was owned by the petitioner's intestate, David Dyer. No damages were awarded to him for this act; and on February 20, 1872, he petitioned the commissioners to come to some agreement or settlement in relation thereto, upon which they took no action.   On March 26, 1872, and within a year from the date of the order for the removal, he applied by petition for a jury to assess his damages, but no action was ever had upon this application.   In January, 1873, Dyer died ; and in March, 1875, his administrator asked for leave to come in for the purpose of reviving and prosecuting the original petition ; but, after a full hearing in March, 1876, this application of the administrator was dismissed.   The administrator petitions for a writ of certiorari, and the question is whether he is now entitled to have his damages assessed by a jury.

The statute in question directs the county commissioners to take and lay out all such lands and water rights as they may deem necessary for the purpose of drainage and to secure the public health ; and further authorizes them to improve the channels of certain streams, and to remove all dams and obstructions therefrom.   In the matter of damages sustained by any person,

it provides that they shall be assessed and collected in the same manner as in the case of the laying out of highways.

This general reference to the provisions of the highway acts cannot be interpreted as requiring that those provisions shall be strictly and literally applied to all proceedings under this act. The phrase " in the same manner " means, by similar proceedings, so far as such proceedings are applicable to the subject matter. Much that is necessary in order to adapt the provisions of the General Statutes in substance and effect to the new conditions of this special act, must be left to necessary implication. *Fitchburg Railroad* v. *Boston & Maine Railroad*, 3 Cush. 58. *Worcester* v. *County Commissioners*, 100 Mass. 103, 106. *Call* v. *County Commissioners*, 2 Gray, 232, 235.

1. It is objected that the proceedings are irregular and void because Mr. Waitt, who was a resident of Malden, was interested in the subject matter, and acted as a member of the board of county commissioners when they were commenced.

The statutes relating to ways declare that " if either of the county commissioners is interested in a question before the board, or if any part of a road upon which they are to act lies within the city or town in which either of them resides," then a special commissioner shall be called in. Gen. Sts. *c.* 17, § 12.

Before this statute, it had been held in *Wilbraham* v. *County Commissioners*, 11 Pick. 322, that the fact, that a commissioner was a taxable inhabitant of a town through which a road was to pass, did not disqualify him. By the special act under consideration, the commissioners are made a special tribunal to discharge the duties required by its provisions. The only interest Mr. Waitt had at the time was that of a taxpayer; upon the question whether the dam should be removed, he had no interest distinct from any other citizen. *Danvers* v. *County Commissioners*, 2 Met. 185. And we are of opinion that the clause which prohibits a commissioner from acting upon a road question arising in the same town, is not applicable to these proceedings. The judgment of the commissioners is to be exercised on an entirely different question, and, if it had been intended to disqualify the residents of the towns named, there would have been an express provision to that effect.

2. It is further objected that the original application for a jury was premature. In the laying out of ways, the jury may be applied for within one year from the adoption of the order of location ; and that may imply that the adjudication in reference to the whole matter of laying out must be ended. But it does not follow of necessity that the whole work to be done by the commissioners under this act must have been finished, before the year, within which a jury must be applied for, shall begin to run. The nature of the duties imposed does not require that all the work contemplated should be embraced in one order, and finished by one act. The order for the removal of the dam, carried out by its destruction by the agents appointed by the commissioners, was, so far as the plaintiff's rights are affected, a completed act. And that act, without any assessment of damages, followed by a refusal to settle with the owner, was a sufficient foundation for an application for a jury. The order for the removal was the only feature which corresponds with the order for the location of a way. The damage to the plaintiff was caused by the removal of the dam only ; and when the act declares that he shall have the right to have that damage assessed by a jury, it would be a forced construction to hold that his right shall be postponed for years, it may be, and until the commissioners shall have satisfied themselves experimentally that they can do no more to accomplish the ends proposed, and have passed a final order closing up the whole matter.

The act contemplated that an award of damages should be made when the order of removal was made, and the failure to make an award is equivalent to a decision that there is no damage to the plaintiff. *Monagle* v. *County Commissioners*, 8 Cush. 360. *North Reading* v. *County Commissioners*, 7 Gray, 109, 112.

3. The right to have a jury to assess the damages plainly survives. The administrator is simply prosecuting Dyer's suit. The statutes provide that petitions for a jury shall not abate by the death of parties ; and the legal representatives may appear and prosecute. Gen. Sts. *c.* 43, § 25. See also Gen. Sts. *c.* 127, §§ 1, 5, 21. *Whitman* v. *Boston & Maine Railroad*, 16 Gray, 530 ; 3 Allen, 133.

The proceedings of the county commissioners, as disclosed by their answer, were therefore erroneous in failing to act within a

reasonable time upon the original petition of Dyer for a jury to assess his damages ; and in dismissing the petition of his admin istrator for leave to prosecute that suit.   The writ of certiorari must therefore issue, in order that their proceedings in these respects may be quashed and set aside, and that the commissioners may be directed to proceed anew upon the last named petition, according to law.   Gen. Sts. *c.* 145, § 9.

*Writ of certiorari to issue.*