CITY OF KANSAS, Respondent, v. WILLIAM O'CONNOR, Appellant.

**Kansas City Court of Appeals, May 20, 1889.**

1. **Appellate Practice:** ABSTRACT TO AUTHORIZE REVIEW OF INSTRUCTIONS MUST CONTAIN WHAT. Where the abstract neither sets forth the evidence in *haec verba*, nor its tendency, the appellate court is unable to determine, whether evidence justified the refusal of instructions asked, or not, and where it is sought to have such action reviewed, it is necessary in the preparation of the abstract of evidence to have regard for the requirements of rule 15, as interpreted in *Goodson v. Railroad*, 23 Mo. App. 76.

2.  **Charter and Ordinances of Kansas City:** ARREST ON OATH OF PRIVATE PARTY: PROSECUTION ON INFORMATION OF CITY ATTORNEY. The charter of Kansas City permits the arrest of an offender against its ordinances on the oath of any person, or upon the information of the city attorney. Section 893, of the ordinances of the city, provides that all cases triable before the city recorder, or jury, shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors ,and section 36 of said ordinances makes it the duty of the city attorney to prepare all complaints for violations of the ordinances, and prosecute the same. *Held*, that while the arrest on the oath of a private person is proper, that a trial before the recorder is *non coram judice*, until an information based upon such oath has been filed by the city attorney; nor does such construction, as a logical consequence, require the information to be signed by the prosecuting attorney as before justices of the peace, as such statutory provision and the ordinances must be taken together, and considered in their entirety.

3.  **Definitions:** PROCEDURE, PLEADING AND PRACTICE DEFINED. Pleading signifies the science and course of allegation whereby a party in court presents his demand, or defense against the demand of the other party, to be made matter of record, and practice means the legal rules which direct the course of proceedings to bring parties into court, and the course of the court after they are brought in; while procedure is generic, and comprehends, pleadings, evidence and practice.

*Appeal from the Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED AND DISMISSED.

*T. B. Buckner*, for the appellant.

(1) The court was powerless to proceed to final judgment in said cause, because no information was filed against the defendant as required by ordinance. (*a*) There is no express provision of the charter of the City of Kansas, which authorizes any further steps against a defendant on the complaint, except the insurance of a warrant, and the arrest of the defendant. Sec. 6, art. 12, of charter, copied in abstract. (*b*) The ordinances of the city expressly provide, that all cases triable before the recorder "shall be proceeded with in

the same manner as trials before justices of the peace for misdemeanors." (c) Misdemeanors are triable before justices of the peace, only by information, and the term information has a well defined common-law meaning. And even the legislature has no power to prescribe, that an information shall be "in the form and nature of an affidavit," subscribed and sworn to, and filed with the justice, and a conviction on such an affidavit is absolutely illegal and void. *State v. Kelm*, 79 Mo. 515; *State v. Russell*, 88 Mo. 648; *State v. Rockwell*, 18 Mo. App. 395; *State v. Sebecca*, 76 Mo. 55; *State v. Huddleson*, 75 Mo. 667; *State v. Thompson*, 81 Mo. 163. (2) The offense of obstructing a highway, being an offense, both at common law and by the laws of this state, the defendant, charged therewith by the city, if convicted, is entitled to such a conviction, as will be a complete bar to a prosecution by the state. *State v. Cowan*, 29 Mo. 330; *State v. Thornton*, 37 Mo. 361. (a) A conviction by the city without an information is not such a conviction, and could not plead in bar of a subsequent prosecution by the state. *State v. Moss*, 2 Jones (Law. N. C.) 66; *Rector v. State*, 6 Ark. (1 Eng.) 187; *Dun v. Howard*, 6 Ark. (1 Eng.) 461; *Lewis v. State*, 21 Ark. 209; *People v. Slaughter*, 2 Dong. Mich. 334; *Burns v. Layronge*, 17 Tex. 415. (b) A conviction, to be a bar to a subsequent prosecution in another jurisdiction, must be such a conviction as is recognized by the latter jurisdiction as a legal conviction. *State v. Moss, supra*, and authorities cited in above paragraph. *First*. The supreme court has expressly held, that an information by the city attorney of the City of Kansas was necessary and must be signed by him in person. *Second*. That he could not adopt a complaint filed by another person, even though that person be a deputy. *City of Kansas v. Flanagan*, 69 Mo. 598.

*R. W. Quarles, W. A. Alderson,* for respondent,

Cited the following authorities: *Goodson v. Railroad,* 23 Mo. App. 76; *Kansas City v. Clark,* 68 Mo. 588; *Ex parte Holwedell,,* 74 Mo. 395; *Memphis v. O'Connor,* 53 Mo. 468; *St. Louis v. Vert,* 84 Mo. 204; *Kansas City v. Flanagan,* 69 Mo. 598; Revised Ordinances, 1888, secs. 886–892; R. S., sec. 2043; *St. Louis v. Knox,* 74 Mo. 79; 122 Mass. 285; *Morris v. Harrell,* 35 Mo. 469; 46 Mo. 314; *State v. Thornton,* 37 Mo. 360.

SMITH, P. J.—The abstract of the record in this case neither sets forth the evidence in *haec verba* nor even its tendency, so that we are unable to determine, though asked to do so, whether the evidence adduced at the trial was or was not sufficient to justify the criminal court in refusing certain instructions asked by the defendant.

In a case where it is sought to have us pass upon the question, whether there was evidence before the trial court sufficient to entitle a party to an instruction embodying any particular theory of the law, in the preparation of the abstract of the evidence, some regard should be had for the requirements of rule 15, as interpreted by us in *Goodson v. Railroad,* 23 Mo. App. 76. The single question which we have to decide is, whether or not defendant, who was arrested, tried and convicted upon the affidavit of a private person for the violation of an ordinance of the City of Kansas, could, after his arrest, be further proceeded against except upon information filed against him by the city attorney.

This question must be determined by the construction to be placed upon certain provisions of the charter and ordinances of the city. By reference to section 6, of article 13, of the charter, it will be found that it is provided that "A warrant shall issue in favor of the city for a violation of any ordinance, by law or other

regulation, when any person shall make oath that such violation has been committed, or upon the information of the city attorney."

It is further provided in section 15, of article 4, of said charter, that "The city recorder shall be *ex officio* justice of the peace within the limits of the city in all matters. He shall have exclusive jurisdiction over all cases arising under any ordinance of the city, except suits brought for the collection of taxes."

Section 893 of the ordinances of said city provides that "All cases triable before such recorder or jury *shall be proceeded with in the same manner as trials before justices of the peace* for misdemeanors."

It is further provided that in section 36 of said ordinances that "It shall be the duty of the city attorney to prepare all charges and complaints against parties for violation of city ordinances and to prosecute all offenses against the laws and ordinances of said city."

It is conceded here that a warrant may properly issue upon the oath of any person charging that there has been committed a violation of an ordinance of the city and that an arrest may be made thereunder, but it is contended that after the arrest has been made no further steps in the prosecution can be taken until an information, based upon such oath, has been filed by the city attorney.

This imposes upon us the duty of making special inquiry into the meaning of the provisions of section 893 of said ordinances. We assume that the etymology of the word "proceeded," which is used in said section, is the same as that of the word "procedure."

Mr. Bishop, in his work on criminal procedure, section 2, states that "The term procedure is of signification so broad that it is not often employed in our books as a term of art. It includes whatever is meant by the three technical words, 'pleading, evidence and practice,' and perhaps nothing more. * *   · The

word 'pleading' in law phrase signifies the science and course of allegation whereby a party in court presents his demand or defense against the demand of the other party to be made a matter of record."

Thus it would seem that the term "procedure" is generic, and comprehends pleadings, evidence and practice, and the latter word, says Mr. Bishop, in the above connection, "means those legal rules which direct the course of proceeding to bring parties into court and the course of the court after they are brought in."

When a violator of an ordinance of the city has been arrested on a warrant issued upon the oath of any person, what is the procedure to be invoked as applicable thereto? The provisions of said section 893 of the ordinances require that the case shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors. By reference to sections 2025, 2026, and 2028, Revised Statutes, as amended by the act of March 21, 1885 (Session Acts, 1885, p. 145), it will be seen that the manner of procedure, · therein provided, in such cases is by information. No authority need be referred to for the purpose of supporting the statement that an information, whether in a civil or criminal case, is a pleading, and that the latter is comprehended by the term "procedure."

We think, therefore, it must follow that the language used and employed in said section 893 *ex vi termini* must be construed to mean that all cases triable before the recorder must be proceeded with only by information.

A misdemeanor is triable before a justice of the peace only on an information. The term "information," as used in the statute, has the same signification it did at common law. *State v. Kelm*, 79 Mo. 515; *State v. Russell*, 88 Mo. 648; *State v. Briscoe*, 80 Mo. 643.

But it is insisted that since a prosecution for a violation of a city ordinance is not a criminal proceeding

( *City of Kansas v. Clark*, 68 Mo. 588 ; *Ex parte Hallowell*, 74 Mo. 395), that therefore the statute in relation to the prosecutions of misdemeanors before justices of the peace is inapplicable thereto. The answer to this is that said section 893 of the ordinances of said city expressly provides that in all cases triable before the recorder, the procedure shall be the same as that provided by statute for the trial of misdemeanors before justices of the peace. The statute is not to be interpreted as requiring its provisions to be strictly and literally applied to proceedings in cases triable before the recorder, but so far only as it is applicable to the subject-matter of such proceedings. *Phillips v. Co. Commissioners*, 122 Mass. 258 ; *Morris v. Hanell*, 35 Mo. 469.

It should, with the foregoing qualification, be construed as if it had been imported into and had become a part of the ordinances of the city and with reference to the charter and other co-existing ordinance provisions relating to judicial proceedings. The applicability of the procedure provided for the trial of misdemeanors is not to be determined by whether an offense against city ordinances is a crime or not ; for all offenses against the ordinances of the city, whether criminal or *quasi* criminal, are required to be proceeded with in the same manner as is required by the statute for the trial of misdemeanors before justices of the peace.

In every case where the recorder has jurisdiction this statutory procedure is required to be pursued. He can proceed in no other manner. If he does proceed in disregard of the statutory method which has been adopted for his government in cases triable before him, his acts are *coram non judice.*

It is objected that according to the construction of the ordinances which we have adopted, it is the duty of the prosecuting attorney to sign the information for the violations of the ordinances of the city. We do not think this follows as a logical consequence. The ordinances

of the city, including the said statutory provisions, must be taken to gether and considered in their entirety. An ordinance of said city, section 36, requires the city attorney to prepare all informations against parties for the violation of ordinances, which he is further required by the charter to sign. *Kansas City v. Flanagan*, 69 Mo. 98.

The statute in its application to proceeding in cases triable before the recorder has only the force of an ordinance and its provisions requiring informations to be signed by the prosecuting attorney are rendered inefficacious by section 17, article 4, of the charter which must control.

We think the construction which we have placed upon the provisions of said section 893, of the ordinances of said city, has the sanction of a wise public policy.

It seems to us, in a case of this kind where the penalty may be a fine of five hundred dollars, if there is a doubt entertained as to whether the prosecution should be upon the bare oath of "any person," or upon the information of the law officer of the municipality acting upon his official responsibility, it should be solved in favor of the latter course of procedure.

As was said by Mr. Commissioner Phillips in *State v. Kelm* already cited: "If reasons were necessary to justify the conclusions reached in this opinon, they are numerous why no such right should be intrusted to a private citizen to inaugurate a proceeding like this upon his own affidavit.

"The injustice and abuse of such process left at the caprice, spite, or malice of one not under the sanction of official duty, is apparent."

The conviction of the defendant can not be upheld.

The judgment of the criminal court of Jackson county is reversed and the proceeding dismissed. All concur.