CITY OF CALIFORNIA, Defendant in Error, v. ANDY HARLAN et al., Plaintiff in Error.

Kansas City Court of Appeals, May 16, 1898.

1. **Appeals:** CITY CHARTER: JUSTICE OF THE PEACE: CORAM NON JUDICE. The charter of the city of California provides that appeals from the recorder shall be perfected in the same manner as from justices of the peace, and a judgment to recover the penalty for violation of one of its rules is a civil action and the recorder has no authority to take a recognizance under the provisions of article 12, chapter 48, Revised Statutes 1889, relating to proceedings before justices in misdemeanors.

2. **Trial Practice:** PRINCIPAL AND SURETY: CORRECTION OF JUDGMENT AFTER TERM. Where a court has rendered judgment on a void recognizance against both principal and surety without notice to the surety, such judgment may be corrected on motion at a subsequent term by striking out the name of such surety.

*Error to the Moniteau Circuit Court.* —HON. D. W. SHACKLEFORD, Judge.

REVERSED.

MOORE & WILLIAMS for plaintiff in error.

(1) The judgment rendered against George H. Pountain for the fine and costs assessed against defendant Andy Harlan, if not absolutely void, was certainly erroneous. "A surety is the favorite of the law, and has the right to stand on the strict terms of his obligation." Brandt on Suretyship, sec. 97, and cases cited. "It is a well settled rule, both at law and in equity, that a surety is not to be held beyond the precise terms of this contract." Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110; Schawacker v. McLaughlin, 139 Mo. 333; Statt v. Boleb, 39 Mo. App. 550. (2) It was the duty of the court to correct its record by striking out the name of George H. Pountain from the judgment in which his name was erroneously inserted, although made at the term subsequent to that at which the judgment was rendered. Fletcher v. Coombs, 58 Mo. 430; Turner v. Christy, 50 Mo. 145; Doan v. Hally, 27 Mo. 256; Farley Bros. v. Cammann, 43 Mo. App. 168; R. S. 1889, sec. 210; State ex rel. v. Tate, 109 Mo. 271; Crespin v. Hannovan, 86 Mo. 160. The writ of error brings the entire record before this court for adjudication. R. S. 1889, sec. 2273; Showles v. Freeman, 81 Mo. 540.

L. F. WOOD for respondent.

(1) This is a civil proceeding. St. Louis v. Knox, 74 Mo. 588; Kansas City v. Clark, 68 Mo. 588; Ex parte Hollwedell, 74 Mo. 395; Kansas City v. Neal, 122 Mo. 234; St. Louis v. Weitzell, 130 Mo. 600. (2) The charter of the city of California provides that appeals shall be taken from the city recorder as "now" (then) provided for appeals from justices of the peace. Session Acts 1872, p. 325, art. 6, sec. 4. The laws then

in force provided that in appeals from judgments of justices in criminal cases as well as civil cases, should be rendered against the principal and his securities on his appeal bond. Gen. Stat. 1865, p. 727, ch. 186, sec. 19. The law as to civil cases such as this, still remains the same. R. S. 1889, p. 1497, sec. 6349. (3) As the circuit court had jurisdiction of the subject-matter and the parties, and no exceptions were taken at the trial, neither that court nor this could amend the judgment on account of any error of the trial judge. Freeman on Judgments [3 Ed.], sec. 70; Hendrickson v. R. R., 34 Mo. 188; Ewing v. Donnelly, 20 Mo. App. 6; James v. Ray, 59 Mo. 280; Horstmeyer v. Conners, 51 Mo. App. 394; Gaston v. White, 46 Mo. 186. (4) The record shows that the very judgment was entered that the court intended to enter, and there is nothing upon which to base an application for a *nunc pro tunc* judgment. Belkin v. Rhodes, 76 Mo. 643, and cases cited.

SMITH, P. J.—The defendant Harlan was adjudged by the recorder of the plaintiff, the city of California, to pay a fine for violating an ordinance of the plaintiff. The former appealed to the circuit court, entering into a recognizance for that purpose with his codefendant, Pountain, as surety thereon. The defendant Harlan was adjudged by the appellate court to pay a fine of $5. The judgment was given against both of the defendants. At the term of the court next following that at which the judgment was given the defendant Pountain filed a motion to correct it by striking his name therefrom, which being overruled, he brings the case here by writ of error.

The charter of the plaintiff provides that appeals shall be taken from the final judgment of the recorder

APPEALS: city charter: justice of the peace: coram non judice. in like manner as the same are now taken from judgments of justices of the peace. Sess. Acts 1872, art. 6, sec. 4. Turning to the General Statutes of 1865, which were in force at the time of the enactment of the plaintiff's charter, and we find that it is there provided that appeals from the judgment of justices of the peace may be taken by the aggrieved party by making an affidavit and entering into a recognizance with one or more solvent sureties to be approved by the justice. The recognizance to be void "if on such appeal the judgment of the justice be affirmed, or if, on the trial anew in the appellate court, judgment be given against appellant, and he shall satisfy such judgment, or if his appeal shall be dismissed and he shall pay the judgment of the justice, together with the costs of the appeal, the recognizance shall be void." It is therein further provided that in all cases of appeal from a justice's court, if the judgment of the justice be affirmed, or if on a trial anew in the appellate court the judgment be against appellant, such judgment shall be *rendered against him and his sureties on the recognizance for the appeal.* Gen. Stat. 1865, chap. 185. The said statutory provision in relation to appeals from justices of the peace were by the terms of the plaintiff's charter thus adopted and made a part of it. Kansas City v. O'Connor, 36 Mo. App. 594.

The plaintiff's action against Harlan was not criminal. It was in the nature of a civil action to recover a penalty for the infraction of an ordinance of the plaintiff. Kansas City v. Neal, 49 Mo. App. 73.

But it appears from the record that the recorder who took the recognizance in the present case overlooked the statutory provisions to which we have already referred and by which he should have been governed. He evidently supposed that the appeal was

applied for and taken in conformity to the provisions of article 12, chapter 48, Revised Statutes 1889, relating to proceedings before justices in misdemeanors. The recognizance is that which is required by section 4364 of that statute. It recites that it is to be void upon the condition that "if the defendant shall appear at the next term of said circuit court and prosecute his appeal with due diligence to a decision and obey every order that shall be made in the premises and not depart from the court without leave then this recognizance to be void, otherwise to remain in full force." It is thus seen that the condition of the recognizance required by the plaintiff's charter in a civil case like this is essentially different from that required by the misdemeanor statute referred to. The plaintiff's charter conferred upon the recorder no authority to take a criminal recognizance in a case like the present. His act was *coram non judice.* If the recognizance had been taken in accordance with the requirements of the plaintiff's charter the judgment would have been proper. In such case no notice was required.

But the judgment for the recovery of the penalty could not be rendered on the criminal recognizance which was taken by the recorder in this case. It was not authorized by the conditions of the recognizance nor the provisions of the statute. The defendant Pountain only obligated himself to have his codefendant Harlan before the court at the next term, etc. The statute in relation to proceedings before justices in misdemeanors does not, where an appeal has been taken and the defendant is again convicted in the appellate court, authorize a judgment against the surety in the recognizance for the fine, as it does where an appeal is taken from a justice's judgment in pursuance of the plaintiff's charter. The court was wholly without jurisdiction to

TRIAL practice: principal and surety: correction of judgment after term.

render judgment on the recognizance against defendant Pountain for the amount of the fine that had been by it assessed against the other defendant. The case here is analogous to that where judgment is rendered against one who is not a party to the action or where, though a party, has neither been served with process nor has appeared generally thereto. The judgment as to defendant Pountain was null and it was competent for him to invoke the court's aid to correct it by striking his name from the same. State ex rel. v. Tate, 109 Mo. 265. It results the judgment will be reversed. All concur.