(55 App. Div. 106.)

### ANGEVINE v. FLEISCHMANN et al.

(Supreme Court, Appellate Division. Second Department. November 23, 1900.)

APPEAL—CITY COURT OF MT. VERNON—STAY OF EXECUTION—UNDERTAKING.

　　Laws 1892, c. 182, § 114, subd. 2, provides that "no security or undertaking shall be required to perfect an appeal from an order" of the city court of Mt. Vernon, but that appellant shall give an undertaking to pay all costs that may be awarded against him. Section 74 provides that the manner of pleading and procedure prescribed by the Code of Civil Procedure shall be used in such court, except as is provided by this act. Code Civ. Proc. c. 12, tit. 3, § 1341, provides that security shall not be required to perfect an appeal, except to stay execution of the judgment. *Held* that, in order to stay execution of a judgment, the Code provision is applicable, and a defendant was not entitled to such a stay pending his appeal from a judgment of such city court, on giving an undertaking for costs.

Appeal from city court of Mt. Vernon.

Action for conversion by Margaret Angevine against Max Fleischmann and others. From an order denying a motion for a stay of execution, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Marshall, for appellants.
David Swits, for respondent.

JENKS, J. The plaintiff sued for conversion in the city court of Mt. Vernon, and entered judgment on the verdict of the jury. The judgment is for $613.82, of which $126.32 represents the costs. Execution was issued. The defendants served notice of appeal to this court, and filed and served an undertaking reciting the recovery of the judgment and the intention to appeal therefrom, whereby two sureties undertook that the appellants would pay all costs which might be awarded against them on the appeal, to the extent of $500. Plaintiff's attorney returned the undertaking indorsed as improper in form and not a stay of execution. The learned city judge ordered the plaintiff to show cause why the execution should not be stayed, and, on hearing, denied the motion. This appeal is from the order entered upon the denial, and the sole question presented is whether an undertaking given under subdivision 2 of section 114 of chapter 182 of the Laws of 1892 (the charter of the city of Mt. Vernon) will in itself stay an execution of this judgment. The subdivision in question reads as follows:

"All appeals provided for in this section must be taken by serving upon the attorney for the adverse party and on the clerk of the city court of Mount Vernon, by filing in his office, a written notice to the effect that the appellant appeals from the judgment, order, or from a specified part thereof; no security or undertaking shall be required to perfect an appeal from an order. To perfect an appeal in other cases except as specified in sections thirteen hundred and thirteen and thirteen hundred and fourteen of the Code of Civil Procedure a written undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs which may be awarded against him. Such undertaking shall be of no effect unless acknowledged and accompanied by the affidavits of the sureties that they are worth at least the sum of two hundred and fifty dollars, and a copy thereof served on the respondent and the original filed with the clerk; and the respondent may within ten days, except to the sufficiency of the sureties, and unless they or other sureties justify on a notice of not less than five days before the city judge, as prescribed in section five hundred and eighty and five hundred and eighty-one of the Code of Civil Procedure."

A legislative intent that should, in effect, as to a single court, make an exception that both deprives the plaintiff of rights assured to him in every other court, and at the same time relieves the defendant of a burden common to defendants in every other court, must be clearly and cogently expressed. This is especially true when there is coupled with that alleged intent an expression which provides security for the costs,—a comparatively minor matter. The charter of Mt. Vernon became a law on March 22, 1892. A court of record, known as the "City Court of Mount Vernon," was thereby created. Section 55. Section 74 provided:

"The forms of process, pleading and proceedings and the manner of pleading and procedure prescribed by the Code of Civil Procedure for actions, proceedings and remedies in courts of record, shall be used in said city court, as near as may be, except as otherwise provided by this act."

The term "procedure" is broad enough to cover the step in this action now up for review. It is the generic term adopted for the formal title of the codified law of this state. See, also, the comments on the term made by Mr. Justice Miller in Kring v. Missouri; 107 U. S. 221, 231, 2 Sup. Ct. 443, 27 L. Ed. 506, et seq., who adopts

the definition of Bishop, in that "it includes in its meaning whatever is embraced by the three technical terms 'pleading,' 'evidence,' and 'practice.'"

Section 114 of the charter provided that appeals in actions demanding more than $200 might be taken to a general term of the supreme court. At that time the Code of Civil Procedure provided for appeals to the general term of the supreme court from inferior courts. Chapter 12, tit. 3, § 1341, Code Civ. Proc., provided as follows:

"An appeal authorized by the last section must be taken within thirty days after service upon the attorney for the appellant, of the copy of the judgment, and written notice of the entry thereof; security is not required to perfect the appeal, but to stay the execution of the judgment security must be given, and the sureties may be excepted to, and must justify, as upon an appeal to the court of appeals, from a judgment of the same amount, or to the same effect."

Section 84 of the charter of Mt. Vernon provided as follows:

"The only modifications and limitations upon the application and effect of the Code of Civil Procedure in relation to actions and proceedings in said court are the provisions of this act."

The question, then, is whether the provision of the Code cited, which is substantially the same now as then, is modified or limited by such act. The provision of section 114 of the charter does not provide that there need be no security required to stay the execution, save as required in that section or act; nor does it say that the execution shall be stayed provided the undertaking therein required by given. It does provide, "No security or undertaking shall be required to perfect an appeal from an order." "Expressio unius exclusio alterius." Further, it uses the expression, "To perfect an appeal a written undertaking must be executed." Now, the perfection of an appeal is not a stay of execution. The very expression of section 1341 of the Code of Civil Procedure is, "Security is not required to perfect the appeal, but to stay the execution of the judgment security must be given." Here, then, is a provision in the charter that makes the provisions of the Code of Civil Procedure applicable as to matters of procedure, except as modified and limited by the charter, while the only expression in that charter germane is one which requires an undertaking to perfect an appeal. Instead, then, of the provision invoked by the appellant being one that relaxes the procedure of appeal by affording a stay by dispensing with the security and substituting a mere undertaking for the payment of the costs of the appeal, I think that it was the legislative intention to add a further duty upon the appellant in such cases, by requiring security for costs before the appeal could be perfected, akin to the requirement of section 1326 of the Code in appeals to the court of appeals. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.