A. E. CLARK v. CHARLES BAXTER and Another.[1]

June 8, 1906.

Nos. 14,783—(160).

**Repeal of Statute.**

Repeals by implication are not favored; but if a subsequent statute, although not repugnant in all its provisions to the former enactment on the same subject, is clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the prior law by implication.

**Change of Venue.**

Chapter 143, p. 146, of the laws of 1899, repealed section 5191, G. S. 1894, by implication, and required that change of venue in municipal courts of the class to which it applied, including the municipal court of Mankato, be secured in accordance with practice in the district court.

Appeal by defendants from a judgment of the municipal court of Mankato, entered pursuant to the findings and order of Comstock, J., in favor of plaintiff and against defendants for $88.30. Affirmed.

*Morgan & Meighen* and *Plymat & Plymat,* for appellants.

*H. W. Volk,* for respondent.

JAGGARD, J.

This action to recover a money judgment was commenced in the municipal court of Mankato, Blue Earth county, by plaintiff and respondent against defendants and appellants, both of whom were, at the time of the service of summons, bona fide residents of Murray county. When the summons was served on one defendant, he moved for a change of venue to the district court of the county of his residence

[1] Reported in 108 N. W. 838.

before answering, in accordance with practice in the district courts. The municipal court denied the motion because of the convenience of witnesses, as appeared in certain affidavits filed by the plaintiff in answer to that motion. It is conceded that if the statute governing changes of venue in the district court applied, and the affidavits justified the exercise of discretion of the trial court, this ruling was not erroneous. We are of the opinion that, in holding that the affidavits were sufficient, the trial court did not abuse its discretion. When the summons was subsequently served on the other defendant, he first answered in accordance with what was then concluded by his counsel to be the proper practice in municipal courts, and afterwards, upon papers proper in form, made a motion to change the venue to the county of his residence. That motion was denied. The action was thereupon tried in the municipal court of Mankato and judgment rendered against each defendant in a sum justified by the testimony. The defendants took no part in the trial. From that judgment this appeal was taken.

The question of law presented by this appeal is whether the municipal court of Mankato was governed by the practice as to change of venue prevailing in district courts or by the earlier municipal court practice under section 5191, G. S. 1894. Under that section the demand for change of venue must be made after answering and before the time fixed for trial in cases where the place of trial named in the summons is not the county where the defendant resides. That section controls this case and determines it for the appellant unless it was repealed by chapter 143, p. 146, of the General Laws of 1899, entitled

"An act to prescribe the method of pleading and practice in certain municipal courts."

That act provides that G. S. 1894, § 1376, shall apply to all municipal courts theretofore established in cities having over two thousand inhabitants where the act establishing the court provides for the issuance of summons of the court by its clerk. The municipal court of Mankato was of that class of courts. Section 1376, G. S. 1894, reads as follows:

All civil actions and proceedings in said court shall be commenced and conducted as prescribed by the statutes regulating the commencement, pleading, practice and procedure in the

district courts of this state, as far as the same may be applicable, except, however, as this act otherwise provided.

It is clear that proceedings to secure a change of venue are within the words "commencement, pleading, practice and procedure," more especially within the words "practice and procedure." See Kring v. Missouri, 107 U. S. 221, 2 Sup. Ct. 443, 452, 107 U. S. 221, 27 L. Ed. 506 (quoting Bishop, Crim. Proc. § 2); Angevine v. Fleischmann, 55 App. Div. 106, 67 N. Y. Supp. 182; City v. O'Connor, 36 Mo. App. 594, 598.

While repeals by implication are not favored, it is also true that even if the subsequent statute be not repugnant in all its provisions to a prior statute on the same subject, yet if the former was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act by implication. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; Sutherland, St. Const. § 154. We are of opinion, therefore, that section 5191, G. S. 1894, was repealed by chapter 143, p. 146 of the general laws of 1899, so far as the municipal court of Mankato was concerned. It is wholly immaterial that subsequent to the entry of judgment the general laws of 1905 re-enacted section 5191, G. S. 1894.

It follows that the district court practice applied to the municipal court of the city of Mankato, and that the change of venue in this case was properly denied.

Judgment affirmed.