CHARLES LA MONICA et al., Landlords, *v.* PAUL KRAUSS, Tenant.

Municipal Court of the City of New York, Borough of Queens, January 28, 1948.

*Ruben N. Cohen* for tenant appearing specially.

*Vincent T. McCarthy* for landlords.

MORRIS, J. The tenant appeared specially and moved to dismiss the petition on the ground that section 232-a of the Real Property Law provides that a thirty-day notice in the city of New York must be served " in the same manner in which a precept in summary proceedings is now allowed to be served by law " and that in view of the provision of subdivision 1 of section 22 of the New York City Municipal Court Code (L. 1915, ch. 279), that a precept cannot be served by a party to the action and that the landlord in this case having served a thirty days' notice, that the service is improper and the petition, therefore, must be dismissed.

Section 232-a of the Real Property Law permits the service of the thirty days' notice upon the tenant by " the landlord or his agent * * * in the same manner in which a precept in summary proceedings is now allowed to be served by law".

The importance of the language " in the same manner in which a precept in summary proceedings is now allowed to be served by law " becomes very important considering what is meant by the words " in the same manner".

Referring to Ballentine's Law Dictionary (p. 791) we find the following definition: "The word [manner] is usually defined as meaning way of performing or executing; method; custom; habitual practice."

In taking the definition from Words and Phrases (Vol. 38, p. 222), it is the following: "The phrase ' in the same manner ' has a well-understood meaning in legislation, and that meaning is not one of restriction or limitation, but of procedure. It means by similar proceedings, so far as such proceedings are applicable to the subject-matter. *Wilder's S. S. Co.* v. *Low,* 112 F. 161, 164, 50 C. C. A. 473, citing *Phillips* v. *Middlesex County,* 122 *Mass.* 258, 260." (See, also, *Matter of Desotelle,* 143 Misc. 732.)

As stated in *Matter of Stuyvesant Real Estate Co.* v. *Sherman* (40 Misc. 205) in referring to the words in " like manner " as providing that the petition must be verified in like manner as a complaint in an action in the Supreme Court, it was held that such language had reference only to the form of the verification and not to the party verifying it. The court stated on page 207: " No other construction can reasonably be placed upon the language of that section. ' Manner ' means method of procedure — habit or custom. It follows, therefore, that the motion to dismiss on that ground should not have been granted."

It is apparent, therefore, that the term " in the same manner " refers to method of performing, of procedure, and not the person who may serve the thirty days' notice.

An action may only be started by the service of a summons. A proceeding may only be started by the service of a precept. A thirty days' notice served pursuant to section 232-a is in no sense a process of the court.

Section 1421 of the Civil Practice Act governs the manner of the service of a precept, while subdivision 1 of section 22 of the Municipal Court Code governs who may serve a precept.

The special notice of appearance is therefore overruled and the tenant is given five days to file an answer.