**Matter of the Petition of CONQUISTADOR CIA. NAVIERA, S. A., as Owner of THE CONTANTINOS, for an order directing Cometals, Inc., charterer of said vessel, to proceed to arbitration in accordance with the terms of its written agreement.**

United States District Court
S. D. New York.
July 18, 1958.

Hills, Betts & Nash, New York City, for vessel owner-petitioner.

Burlingham, Hupper & Kennedy, New York City, Norman M. Barron, Charles L. Trowbridge, New York City, of counsel, for respondent-charterer.

SUGARMAN, District Judge.

On or about March 28, 1957, Cometals, Inc., chartered the S.S. Contantinos for a voyage from this country to Japan with a cargo of scrap. The charter provided in part:

> "34. It is mutually agreed that should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York for arbitration, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men. Should the two so chosen not be able to agree who the third Arbiter should be, then the New York Produce Exchange is to appoint such third Arbitrator. The amount in dispute shall be placed in escrow in New York, subject to the decision of the Arbitrators."

After the voyage had been completed, the owner claimed $11,361.59 from the charterer for repairs, stevedore damage, demurrage and charter hire. Cometals, Inc., disputed its liability for the larger part of this claim.

Both parties have named their arbitrators. The owner demanded that the charterer place the amount of $11,361.59 in escrow pending the decision of the arbitrators. The charterer refused to make such a deposit until ordered to do so by the arbitrators.

The owner (by Motion No. 69, May 1, 1958) and charterer (by Motion No. 8, May 1, 1958) each now move for an order directing the other to proceed with arbitration, the owner demanding that the order provide that the amount in dispute be deposited prior to the commencement of the arbitration proceeding and the charterer insisting that a determination of how much is "the amount in dispute" be determined in the first instance by the arbitrators.

The Act [1] provides that:

> "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition * * * for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

The words "in the manner provided for in such agreement" refer only to procedure and do not relate to the substantive rights of the parties.[2] It is inconceivable that the parties intended that either could by the mere unilateral assertion of a claim require the other to deposit such sum in escrow as the claimant should demand.

Determination of what is the "amount in dispute" is for the arbitrators.[3]

---

1. 9 U.S.C.A. § 4.

2. Cf. La Monica v. Kraus, 191 Misc. 589, 76 N.Y.S.2d 520, 522.

3. Goldhill Trading & Ship Co. v. Caribbean Ship Co., D.C.S.D.N.Y.1944, 56 F. Supp. 31, 33.

40

The owner's motion (No. 69) is denied. The respondent's motion (No. 8) is granted.

It is so ordered.