*914 OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
This court dismissed the instant holdover proceeding by a decision dated September 29, 1991 based on petition infirmities. Petitioner now moves for reargument of that decision pursuant to CPLR 2221. Motion is denied.
The proceeding was dismissed upon the ground that petitioner himself served the 30-day notice of termination which is in contravention to CPLR 2103 (a); further, that a single proceeding was commenced against two separate tenants residing in two separate apartments in this two-family private dwelling.
Petitioner argues that CPLR 2103 (a) does not apply to service of a 30-day notice of termination in a summary proceeding. Petitioner contends that service of a 30-day notice by the landlord under Real Property Law § 232-a is no different than a landlord’s making a personal demand for rent. This argument is without merit since unlike a demand for rent, the statute specifically prescribes the manner in which a termination notice shall be served and requires the notice be in writing.
In support of the motion to reargue, petitioner cites a recent unpublished Housing Court decision which held a petitioner could serve one’s own notice of nonrenewal of a rent-stabilized tenancy, otherwise known as "Golub Notice”. (Cacaj v Levine, Civ Ct, NY County [L&T No. 119383/90].) This case is not on point since unlike a "Golub Notice” served pursuant to Rent Stabilization Code (9 NYCRR) § 2524.2, a 30-day termination notice served pursuant to Real Property Law § 232-a must be served in the same manner as a petition and notice of petition. (See also, Matter of Wein v Thomas, 78 AD2d 611, affd 51 NY2d 862.)
Petitioner also relies on a 1948 Municipal Court decision which held that the Municipal Court Code’s prohibition against service of "a precept” by a party to an action did not apply to a 30-day termination notice pursuant to Real Property Law § 232-a (La Monica v Krauss, 191 Misc 589 [1948]). The basis of the holding in La Monica is that the clause "in the same manner” in Real Property Law § 232-a should be narrowly interpreted to define only the method of service (i.e., personal service or substitute service) and not persons authorized to serve.
The holding in La Monica (supra) is a 40-year-old Municipal *915 Court decision that is not supported by any statutory or case law authority. This court is not bound by La Monica and declines to follow it as it would give impetus to landlords in similar situations to attempt to terminate tenancies without adhering to the legal standards of law presently laid out by statute(s).
Termination of a month-to-month tenancy must be by 30-day notice. (Pecoraro v Ryan, 39 Misc 2d 949.) A subsequent holdover must either state specifically how the notice was served, or must incorporate the termination notice and an affidavit of service. (Margolies v Lawrence, 67 Misc 2d 468.) The rationale behind this requirement is to enable the tenant "to tell whether the petitioner complied with section 232-a.” (Margolies v Lawrence, supra, at 470.) Thus service of a termination notice can be the subject of a traverse hearing. CPLR 2103 (a)’s requirement that papers be served by a nonparty helps assure that traverse hearings are properly and correctly decided. Therefore, it is only logical that CPLR 2103 (a) apply to service of the termination notice.
That portion of the reargument motion which contends that one single petition was sufficient to maintain this proceeding is denied for the reasons set forth in the decision dated September 27, 1991. Notwithstanding the fact that respondents are blood related, each respondent occupies a separate apartment in this two-family house and each should be served with a separate petition and notice of petition. Petitioner’s contention that judicial economy should prevail should not apply to this situation at this juncture. If the respondents were completely unrelated, petitioner cannot seriously argue that only one petition and notice of petition be served. While the issues may be identical, a motion for consolidation would be appropriate at the proper time to serve the ends of judicial economy.
Accordingly, petitioner’s motion for reargument is denied and the court adheres to its prior decision of September 27, 1991.