STATE OF MINNESOTA, *ex rel.* S. L. Smith, *vs.* M. GALLAGHER and others.

February 4, 1890.

**Constitution—Title of Law—Repeal by Implication.**—Chapter 19, Sp. Laws 1889, entitled "An act to amend chapter two (2) of the Special Laws of one thousand eight hundred and eighty-seven, (1887,) entitled 'An act to define the boundaries of, and establish a municipal government for, the city of Duluth,'" is not in violation of section 27, art. 4, of the constitution, because it may repeal by implication the act incorporating the village of Park Point, or may extinguish the village organization.

*Quo warranto,* to try the question whether the village of Park Point ceased to exist on the passage of Sp. Laws 1889, c. 19, the respondents being the village and its officers.   In their answers the respondents, among other things, deny that any part of the territory of the village was by the act cited brought within the limits of Duluth.

*Moses E. Clapp,* Attorney General, *H. W. Childs,* and *S. L. Smith,* (*pro se,*) for relator.

*Draper & Davis,* for respondents.

GILFILLAN, C. J.　The respondents allege that the village of Park Point was incorporated by a special law passed in 1881, (Sp. Laws 1881, c. 35.)　In 1887 the legislature passed a special law (chapter 2) entitled "An act to define the boundaries of, and establish a municipal government for, the city of Duluth."　After stating the general boundaries, there occurs this clause, "excepting therefrom that portion of Minnesota Point lying southerly from the ship canal cut through said point."　Both parties concede that this clause excluded the territory comprising the village of Park Point.　The relator claims, but the respondents deny, that the general boundaries, if the excepting clause were omitted, would include the village.　In 1889 the legislature passed a special law (chapter 19) entitled "An act to amend chapter two (2) of the Special Laws of one thousand eight hundred and eighty-seven, (1887,) entitled 'An act to define the boundaries of, and establish a municipal government for, the city of Duluth.'" This act amends the section of the act of 1887 which defined the boundaries of the city, by striking out the excepting clause we have quoted.　The respondents object to the act of 1889 that it does not comply with section 27, art. 4, of the constitution, which provides that "no law shall embrace more than one subject, which shall be expressed in its title."　Their argument is that the act not only defines the boundaries of, and establishes a city government for, Duluth, but that it in effect repeals the law establishing the village of Park Point, and extinguishes the village organization; and, to push the argument to its apparent application, the law, to be valid, (if it could embrace the two purposes,) ought to have expressed the latter purpose in its title.　The law does not expressly repeal the act incorporating the village, nor refer in any manner to the village organization.　That act and organization are affected only so far as are necessarily incident to the general purpose and provisions of the act of 1889.　The latter act has but one general subject, to wit, the defining the boundaries of, and establishing a municipal government for, the city of Duluth, which is fully expressed in the title.　Every such

law must necessarily deal with a great many minor subjects, matters of detail, incidental to and necessary to accomplish the general purpose of the law expressed in the title.   It would be impracticable to require all these minor subjects to be expressed in the title.   All that is required is that they, and the provisions in respect to them, shall be germane to the subject expressed in the title; such as have a just and proper reference thereto; such as, by the nature of the subject indicated, are manifestly appropriate in that connection.   It could not be required that every other law repealed by implication, because of repugnancy or inconsistency, shall be mentioned in the title of the new act.   The case is similar to that in *City of Winona* v. *School-Dist.*, 40 Minn. 13, (41 N. W. Rep. 539,) the decision and the reasoning in which fully cover this case.   The act of 1889 is not obnoxious to the objection made.   There must be a reference to take proof of the facts put in issue.