## STATE v. CITY OF DULUTH.[1]

December 5, 1952.

No. 35,794.

*Harry E. Weinberg,* City Attorney, and *Dale MacIver,* Assistant City Attorney, for appellant.

*J. A. A. Burnquist,* Attorney General, and *George B. Sjoselius,* Deputy Attorney General, for the State.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's alternative motion for amended findings and conclusions of law or a new trial.

The facts agreed upon by the parties are as follows:

Early in 1949, the public examiner of this state, under his statutory authority, examined the financial records of the division of public utilities of the city of Duluth and of the board of directors

---

[1]Reported in 56 N. W. (2d) 416.

of trusts of Miller Memorial Hospital of the city of Duluth for the years ending December 31, 1946, 1947, and 1948. The state auditor issued his drafts against the city, and the city paid all but $400 on the former examination and all but $20 on the latter. The reimbursement asked by the state included $1,260 for salary at a rate of from $13 to $19 per day for the men making the audit of the division of public utilities. The city paid only $860 for salary reimbursement, claiming that a maximum limit of $10 per day per man was set by Minn. St. 1945, § 215.21. For the same reason, the city withheld $20 on the hospital audit.

The dispute involves two enactments of the Minnesota legislature. First in point of time is Minn. St. 1945, § 215.21, regulating the fees of the public examiner. The second is § 24 of the biennial appropriations act of 1948 and 1949 (L. 1947, c. 634).

Prior to the enactment of L. 1947, c. 634, § 24, § 215.21 read as follows:

"Upon the examination of the books, records, accounts, and affairs of any city, village, town, or school district, as provided by law, such city, village, town, or school district shall be liable to the state for the total cost and expenses of such examination, including the salaries paid to the examiners while actually engaged in making such examination. Such salary charge shall not exceed $10.00 per day. The appropriation accounts of the public examiner shall be credited with all collections made for any such examinations, and moneys so collected are hereby appropriated for the uses and purposes of the appropriation accounts."

Another plan for collecting the costs of examinations by the public examiner was set up by L. 1947, c. 634, § 24, which read in part:

"The revolving fund [$100,000] established hereby shall be used to employ personnel and pay other expenses for reimbursable examinations only. All receipts from such examinations shall be deposited in the fund herein established and are hereby reappropriated to that purpose. Notwithstanding any law to the contrary, the

Public Examiner is directed to adjust his schedule of charges for such examinations to provide that such charges shall be sufficient to cover all costs of such examinations and that the aggregate charges collected shall be sufficient to pay all salaries and other expenses connected with such reimbursable examinations. The Public Examiner shall review and adjust the schedule of charges for such examinations at the end of each six months and have all schedules of charges approved by the Commissioner of Administration before they are adopted so as to insure that the amount collected shall be sufficient to pay all the salaries and expenses connected with such examinations during the fiscal year and that the unobligated balance, including accounts receivable, in the revolving fund at the end of each fiscal year shall not be less than $100,000. The unobligated balance in said revolving fund in excess of said $100,000, as of June 30 of each fiscal year, shall be cancelled into the general revenue fund."

L. 1949, c. 33, § 5, amended Minn. St. 1945, § 215.21, and clarified certain provisions of the 1947 law, but that was passed subsequent to the time the services involved herein were furnished.

The legal issues raised by defendant are (1) whether L. 1947, c. 634, § 24, amended, or repealed, by implication Minn. St. 1945, § 215.21; and (2) whether the biennial appropriations act can be used to amend the general statutes.

Defendant assigns as error that the conclusions of law of the trial court, holding that defendant is indebted to plaintiff in the sum of $400 and that "the unconstitutionality of Section 24, Chapter 634, Laws of 1947, has not been established," are not justified by the findings and are contrary to law.

■ While in State v. Town of Balkan, 234 Minn. 329, 48 N. W. (2d) 515, there were other issues not material here, one of the contentions of defendant in that case was that, until L. 1949, c. 33, § 5, became effective, the $10 per day limitation under § 215.21 applied in spite of the new plan set up under L. 1947, c. 634, § 24. This court there said that it could not agree with that contention, because it was apparent that when the legislature set up a revolving

fund under the 1947 law it was its intention that thereafter the actual cost of the examination should be collected to the end that the revolving fund would remain available at all times. The court further said that the 1949 law simply clarified the statutes by the enactment of a law which could be found in the statute books. The 1947 law was not coded and did not appear in the statute book.

An examination of L. 1947, c. 634, § 24, discloses no express words of repeal. Therefore, if it did amend or repeal, it would have to be by implication. Repeals by implication are not favored in this state. 6 Dunnell, Dig. & Supp. § 8927. A law is not repealed by a later enactment if the provisions of the two laws are not irreconcilable or necessarily inconsistent. It is the rule in this state that there is no repeal by implication if both laws may stand and be operative without repugnance to each other. Licha v. N. P. Ry. Co. 201 Minn. 427, 276 N. W. 813; Clark v. Baxter, 98 Minn. 256, 108 N. W. 838; State ex rel. Lum v. Archibald, 43 Minn. 328, 45 N. W. 606; Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; 6 Dunnell, Dig. & Supp. § 8927.

Basically, the pertinent provisions of the two laws which we are here considering involve the amount a city, town, village, or school district must pay the state for the auditing of its books, records, and accounts. Minn. St. 1945, § 215.21, provides that salaries paid to each examiner furnished by the state for such examinations shall not exceed $10 per day. On the other hand, L. 1947, c. 634, § 24, directs the public examiner to adjust his schedule of charges for such examinations, *notwithstanding any law to the contrary,* so that the charges shall be sufficient to cover all costs of the examination. In the case before us, costs of an examination were in excess of $10 per day for salaries of examiners inasmuch as the reimbursements asked by the state ranged from $13 to $19 per day. Thus, we clearly have an inconsistency in the amount which may be charged. It is apparent that when the legislature set up the revolving fund under the 1947 law it was its intention that the actual cost of the examination should be collected thereafter, and we so

concluded in State v. Town of Balkan, 234 Minn. 329, 48 N. W. (2d) 515, *supra.*

It is the position of plaintiff that L. 1947, c. 634, § 24, did not impliedly amend or repeal § 215.21, but rather that it merely suspended it for two years. Plaintiff's position is based on the theory that c. 634, § 24, was only an appropriations act establishing a revolving fund for a two-year interim period. With this we cannot agree. It is generally believed that all things in an appropriations act last for only two years. This erroneous belief is probably fostered by M. S. A. 3.23 and 3.24. The former section defines a standing appropriation, within the meaning of the act, as one which sets apart a specified or unspecified and open amount of public money or funds of the state revenue fund for expenditure for any purpose and makes that amount, or some part of it, available for use continuously and at a time more distant than the end of the second fiscal year after the session of the legislature at which the appropriation is made. Section 3.24 provides:

"Each and every provision of the laws of Minnesota constituting a standing appropriation of money from the revenue fund, or derived from any revenue of the state, or in any way justifying the continuous payment of any money from the treasury of the state, is hereby repealed, * * *."

However, it excepts cases "where there is a provision for a tax levy or fees or receipts for any purpose and set apart in a special fund." A further reference to these exceptions may be found in § 16.17, which also refers to "fees" and "revolving appropriations."

The revolving fund provided for under L. 1947, c. 634, § 24, appears to us to come clearly within the exceptions of a fund which has been derived from fees. As a matter of fact, the revolving fund in question, created under L. 1947, c. 634, § 24, is still being used and has never been reappropriated. All that has been done is that another $50,000 has been added to the fund under L. 1949, c. 19, § 1, making the fund $150,000. Other revolving funds set up in the same manner as the one under consideration are still being used,

such as L. 1947, c. 634, § 20. It is therefore our opinion that the revolving fund established under L. 1947, c. 634, § 24, because of the exceptions above referred to, became as permanent. a law as § 215.21. It was clearly inconsistent with § 215.21, inasmuch as it provided for reimbursement of larger fees; therefore, it impliedly repealed § 215.21.

■ We then come to the second issue—whether L. 1947, c. 634, § 24, is unconstitutional. Defendant claims that it is, contending that the act contains two subjects, contrary to the provisions of Minn. Const. art. 4, § 27. We cannot agree with this contention. The laws in question deal with the same general subject matter, namely, the amount of money certain municipalities are to pay to the state for the auditing of their books and records. It is our opinion that the implied repeal of § 215.21 because of its inconsistency with § 24 does not in itself constitute a separate subject. After all, L. 1947, § 634, has but one subject, which is the appropriation of money for the operation of the state government. For us to say that an implied repeal in itself constitutes a separate subject would, in effect, preclude the possibility of any implied repeal. Rather, it is our opinion that an implied repeal is an *effect* and not a *subject* of the statute. It is the subject and not the effect of the law which is required to be expressed in the title. See, City of Winona v. School-Dist. No. 82, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46; State ex rel. Smith v. Gallagher, 42 Minn. 449, 44 N. W. 529. We have examined State ex rel. Gaines v. Canada, 342 Mo. 121, 113 S. W. (2d) 783, cited by defendant, and cannot agree with the reasoning therein insofar as it may be in conflict with our decision in the case at bar.

Affirmed.