STATE of Minnesota, Respondent,

v.

Richard COOLIDGE, Appellant.

No. 48025.

Supreme Court of Minnesota.

June 15, 1979.

---

Thomson & Nordby and Jack S. Nordby, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Keith M. Brownell, County Atty., and John E. DeSanto, Asst. County Atty., Duluth, for respondent.

Heard before SHERAN, C. J., and KELLY and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an appeal by defendant from a conviction on March 3, 1977, for committing sodomy upon a 16-year-old child, in violation of Minn.St.1976, § 609.293, subds. 1 and 4(3), as found by a jury in St. Louis County District Court. We affirm, but reduce the sentence to time served.

The issues presented on this appeal are:

1. Was Minn.St.1976, § 609.293, subd. 4, under which defendant was convicted, repealed by implication by the criminal sexual conduct statutes enacted in 1975? Did conviction under the 10-year penal provision deny defendant equal protection and result in excessive punishment?

2. Was the testimony of certain witnesses improperly admitted to show prior criminal acts under the common scheme exception to the exclusionary rule?

3. Was the conviction improperly based upon uncorroborated and impeached testimony of a single witness, thereby being insufficient to sustain the conviction?

4. Did the trial court's admonitions prejudice the jury against defendant?

Defendant argues that Minn.St.1976, § 609.293, subd. 4, was repealed by implication by the criminal sexual conduct statutes enacted in 1975 and that imposition of the 10-year prison sentence violated equal protection and was excessive.

Minn.St.1976, § 609.293, subd. 4,[1] enacted in 1967, provided for a maximum 10-year

---

1. Minn.St.1976, § 609.293, subd. 4, reads: "Whoever commits an act of sodomy upon or with any child under the age of 18 years, not his spouse, whether or not the act is also a

sentence for committing anal intercourse with a person aged 15 to 17. In 1975, the legislature enacted the criminal sexual conduct statutes, the sections relevant here being Minn.St. §§ 609.341, subd. 12;[2] 609.-342;[3] and 609.344,[4] which punish sodomy with persons aged 13 to 15 with prison terms of 20, 10, or 5 years.[5] When these provisions were enacted, the legislature repealed a number of provisions of the criminal code, but left § 609.293[6] intact. Consequently, at the time of defendant's conduct, sodomy with a 16-year-old was punishable under the former statute but not included in the latter. The following year, 1977, § 609.293, subds. 2 to 4, were repealed and replaced by §§ 609.342 and 609.344.[7]

Defendant asserts that because the law under which he was convicted was enacted in 1967, it is apparent that the 1975 legislature simply overlooked the conflict between the two sets of laws that resulted from the inclusion of anal intercourse as one form of penetration prohibited by the criminal sexual conduct statutes. Because of this conflict, he asserts, the 1975 statutes effectively repealed § 609.293, subd. 4, by implication and he should not be punished for sodomy with a 16-year-old.

■ This court does not favor repeal by implication. *State v. Elam,* 250 Minn. 274, 281, 84 N.W.2d 227, 232 (1957); *State v. City of Duluth,* 238 Minn. 128, 56 N.W.2d 416 (1952). However, an implied repeal will be present—

"[w]hen a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject. When a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal preexisting local or special laws on the same class of subjects. In all other cases, a later law shall not be construed

violation of subdivision 2 or 3 and notwithstanding the consent of the child, may be sentenced as follows:

"(1) If the child is under the age of ten years, to imprisonment for not more than 30 years; or

"(2) If the child is ten years of age but under the age of 14 years, to imprisonment for not more than 20 years; or

"(3) If the child is over the age of 14 years, to imprisonment for not more than 10 years."

2. This subdivision defines "sexual penetration" to " * * * [mean] sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion however slight into the genital or anal openings of the complainant's body of any part of the actor's body or any object used by the actor for this purpose, where the act is committed without the complainant's consent, except in those cases where consent is not a defense. Emission of semen is not necessary."

3. This reads in part: "A person is guilty of criminal sexual conduct in the first degree and may be sentenced to imprisonment for not more than 20 years, if he engages in sexual penetration with another person and if any of the following circumstances exist:

    *    *    *    *    *

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant, and

uses this authority to coerce the complainant to submit. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense; * * *."

4. This provides in part: "A person is guilty of criminal sexual conduct in the third degree and may be sentenced to imprisonment for not more than ten years, if he engages in sexual penetration with another person and any of the following circumstances exists:

    *    *    *    *    *    *

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant and not in a position of authority over the complainant. In any such case it shall be an affirmative defense, which must be proved by a preponderance of the evidence, that the actor believes the complainant to be 16 years of age or older. If the actor in such a case is no more than 48 months but more than 24 months older than the complainant, he may be sentenced to imprisonment for not more than five years. Consent by the complainant is not a defense; * * *."

5. L.1975, c. 374, §§ 2 to 6.

6. L.1975, c. 374, § 13.

7. L.1977, c. 130, §§ 10 and 4, respectively, effective May 20, 1977.

to repeal an earlier law unless the two laws are irreconcilable." Minn.St. 645.39. This statute does not apply to the instant situation because the criminal sexual conduct statutes did not cover the "entire subject matter of [the] former law" nor were they "intended as a substitute for such former law." This is clearly indicated by the repeals made in 1977. There the legislature did not set up a new system covering the entire subject matter of the former law; rather it replaced only subdivisions 2 through 4 of § 609.293; it left subdivisions 1 and 5 intact.[8] Nor does it appear that the law was simply overlooked. The 1975 law repealed §§ 609.29; 609.291; 609.292; 609.-295; and 609.296. Since sections on both sides of § 609.293 were repealed, the fact that it was left unaltered indicates that that was done intentionally, not by inadvertence.

■ There may be instances in which a new statute does not replace the entire subject matter of an existing statute but provisions in the two statutes are irreconcilable. In such a case, the more recent statute prevails. Minn.St. 645.26, subd. 4. There appear to be such irreconcilable provisions in the statutes at issue here. Minn.St. §§ 609.342 and 609.344 protect victims "at least 13 but less than 16 years of age." Minn.St.1976, § 609.293, subd. 4(3), protected victims over 14 but under 18 years of age. In addition, the two statutes prescribe different maximum punishments. This rule of construction, however, is no more than an aid to be used in ascertaining legislative intent and is not determinative where legislative intent is apparent. See, *Allen v. Holm,* 243 Minn. 96, 66 N.W.2d 610 (1954). In the instant case, we find that the legislature intended § 609.293 to remain

in effect with respect to the protection afforded victims of the ages 16 and 17 until its repeal in 1977; thus, we need not refer to the rule of construction set forth in § 645.26, subd. 4.

■ We do not know why the legislature repealed some but not all of these statutes and did not repeal the statute under which defendant was prosecuted until 2 years after the 1975 amendments. But it would be harsh for defendant to receive a 10-year sentence in the spring of 1977, when the legislature was repealing the statute under which defendant was convicted and changed the maximum punishment for his act from 10 years to 1 year.[9] In this case we find that the 10-year sentence is not to be imposed.

■ Under common law, the well-settled principle is that where criminal law in effect is repealed, absent a savings clause, all prosecutions are barred where not reduced to a final judgment. *Bell v. Maryland,* 378 U.S. 226, 230, 84 S.Ct. 1814, 1817, 12 L.Ed.2d 822, 826 (1964); *Sekt v. Justice's Court,* 26 Cal.2d 297, 304, 159 P.2d 17, 21, cert. denied, 326 U.S. 756, 66 S.Ct. 96, 90 L.Ed.2d 454 (1945). It is also true that a statute mitigating punishment is applied to acts committed before its effective date, as long as no final judgment has been reached. *People v. Rossi,* 18 Cal.3d 295, 298, 134 Cal.Rptr. 64, 65, 555 P.2d 1313, 1314 (1976).[10] The rationale for such a rule is that the legislature has manifested its belief that the prior punishment is too severe and a lighter sentence is sufficient. *In re Estrada,* 63 Cal.2d 740, 745, 48 Cal.Rptr. 172, 175, 408 P.2d 948, 951 (1965). Nothing would be accomplished by imposing a harsher punishment, in light of the legislative

---

**8.** These latter two subdivisions state, respectively: " 'Sodomy' means carnally knowing any person by the anus or by or with the mouth.

\* \* \* \* \* \*

"Whoever, in cases not coming within the provisions of sections 609.342 or 609.344, voluntarily engages in or submits to an act of sodomy with another may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both."

**9.** See, L.1977, c. 130, §§ 4, 10.

**10.** The same result may not necessarily obtain where the amendatory statute increases the punishment, as there may be ex post facto implications. *People v. Rossi,* 18 Cal.3d 295, 299, 134 Cal.Rptr. 64, 65, 555 P.2d 1313, 1314 (1976).

515

pronouncement, other than vengeance. 63 Cal.2d 745, 48 Cal.Rptr. 176, 408 P.2d 952.

In this case, the law under which defendant was convicted was amended in part and repealed after the defendant's illicit acts were committed but before a final judgment had been reached. If there are no further appeals, our decision will render the judgment final. Consequently, in light of the common law and the weight of greater logic, defendant should have been sentenced under the present law, which provides a maximum prison term of 1 year. Minn.St. 609.293, subd. 5. Since defendant has already served over 2 years, his punishment is reduced to time served.

We also find that defendant's other alleged assignments of error either do not constitute error or were not prejudicial. The testimony of witnesses concerning defendant's past criminal acts was properly admitted. Complainant was not an accomplice to the alleged crime because he was a minor under a statute designed to protect minors regardless of consent. The alleged prejudicial remarks of the trial judge, while admittedly caustic, were calculated to require defendant to answer questions promptly and not delay the trial and were made only after defendant's own counsel had expressed difficulty eliciting answers from his own client.

The conviction is affirmed, but the sentence is reduced to time served.