**STATE of Minnesota, Respondent,**

v.

**Lance Phillip WICKNER, Appellant.**

**No. C4–03–215.**

Court of Appeals of Minnesota.

Jan. 27, 2004.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Timothy R. Faver, Beltrami County Attorney, Bemidji, MN, for respondent.

John M. Stuart, State Public Defender, Lydia Villalva Lijó, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by RANDALL, Presiding Judge, GORDON SHUMAKER, Judge, and CRIPPEN, Judge.

**O P I N I O N**

CRIPPEN, Judge.*

Appellant Lance Wickner challenges the judgment convicting him of escape. Although he acknowledges the governing statute specifically defines escape to include absconding from electronic monitoring, he contends he could not be convicted because the statute also contains an exception for parole violators. Because this exception does not deal with appellant's conduct, we affirm. And because the record does not permit review, we decline to address appellant's further assertion that his conviction resulted from vindictive prosecution.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Appellant was released from the St. Cloud correctional facility under the intensive-supervised-release program in early November 2000. Because he was released earlier than originally scheduled, appellant was placed in a motel room that was not modified to allow the electronic monitoring to fully function. Robert Christie, appellant's supervising agent, plugged the base unit into the phone jack knowing that while it would still monitor appellant's whereabouts, it would not notify the central computer if he exceeded the specified distance from the base unit or if he removed the bracelet.

On November 9, 2000, Christie stopped in to check on appellant, but appellant was not in his room, and Christie determined that appellant had cut his bracelet. Appellant had not been given permission to leave his room or to cut the bracelet. Christie obtained an arrest warrant.

Nineteen months later, appellant was charged with one count of escape from lawful custody under Minn.Stat. § 609.485 (2000). After a jury found him guilty, the trial court sentenced appellant to a 13–month commitment, to run consecutively to another sentence.

## ISSUE

Did the trial court err when it concluded, as a matter of statutory construction, that the parole exception in Minn.Stat. § 609.485 was not applicable to this case?

## ANALYSIS

■ Appellant argues that the evidence cannot sustain his conviction of escape under Minn.Stat. § 609.485 because he was on supervised release, a form of parole, and persons on parole are specifically exempted from the escape statute. Although he states his argument, at least in part, in terms of sufficiency of the evidence, the argument ultimately rests on the assertion that the trial court improperly construed Minn.Stat. § 609.485, subd. 3. Construction of a criminal statute is a question of law this court reviews de novo. *State v. Colvin*, 645 N.W.2d 449, 452 (Minn.2002).

Under the governing statute, a person is guilty of escape if the individual "escapes while held ... in lawful custody." Minn. Stat. § 609.485, subd. 2 (2000). A clause of the same subdivision added in 1994 provides that " 'escapes while held in lawful custody' includes absconding from electronic monitoring or absconding after removing an electronic monitoring device from the person's body." *Id.*

Appellant rests his case on another subdivision of the escape statute, which declares that unless a person is in actual custody, the escape statute does not apply "to a person who is free on bail or who is on parole or probation, or subject to a stayed sentence or stayed execution of sentence." *Id.*, subd. 3. Appellant argues that because intensive supervised release is a form of parole, his situation falls under the exception.

"When the words of a law in their application to an existing situation are clear and free from ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2002). In the event of irreconcilable conflicts between statutory provisions, the special provision prevails over the general provision unless the general provision is enacted later and with manifest intention that it should prevail. Minn.Stat. § 645.26, subd. 1 (2002).

■ Appellant has correctly cited authorities declaring that supervised release constitutes parole. *See State v. Schwartz*, 628 N.W.2d 134, 139 (Minn.2001) (stating that supervised release "is the current term for the release practice formally [sic]

known as parole"). Yet subdivision 2 states that absconding from electronic monitoring or removing an electronic monitoring bracelet is escape. Minn.Stat. § 609.485, subd. 2. Insofar as appellant was both on parole and on electronic monitoring, the two provisions are irreconcilable. But the electronic monitoring provision, which was enacted in 1994, much later than the parole exception, is the most specific of the two provisions. In addition, the evident intent of the parole exception is to apply to persons free of custody; whether or not supervised release is a modern equivalent of parole, a person on electronic monitoring as part of intensive supervised release does not enjoy the freedom others on parole or probation enjoy.

■ Appellant contends the issue is significantly affected by a 2002 amendment that added language to subdivision 3 declaring that the exception does not apply to a person who is subject to electronic monitoring as a condition of parole, probation, or supervised release. Minn.Stat. § 609.485, subd. 3 (2002). Appellant contends this amended statute does not govern his conduct, which occurred before the amendment was enacted, but indicates instead that the former statute did *not* apply to his conduct. He cites a general presumption that the legislature intends to change the law when they enact an amendment. *Gruening v. Pinotti*, 392 N.W.2d 670, 673 (Minn.App.1986), *review denied* (Minn. Oct. 29, 1986).

■ The presumption of legislative change is rebutted "[w]hen the language of an amendatory statute is intended to clarify rather than enlarge the powers of the original statute." *State, ex rel. Spannaus v. Coin Wholesalers, Inc.*, 311 Minn. 346, 353–54, 250 N.W.2d 583, 587–88 (1976). It is evident on its face that the 2002 amendment reconciled a conflict between existing statutory provisions and did not create a

new rule of law. *See State v. Lilleskov*, 658 N.W.2d 904, 908 (Minn.App.2003) (stating "an amendment that merely clarifies the legislature's intent may be applied retroactively"). Because the amendment merely clarified the meaning of prior enactments, it does not significantly affect appellant's circumstances.

For the reasons just stated as to the proper construction of the statute, there is no merit in appellant's additional contention that he was entitled to an instruction on the parole exception to the escape statute.

■ Appellant also contends he could not abscond from electronic monitoring that was not fully functional. A complete installation of electronic monitoring would have included telephonic communication between the base unit in appellant's room and a central state computer, a facet of electronic monitoring that had not been completed when respondent absconded. Appellant's conduct was detected because the agent entered appellant's room to check on him.

Appellant exaggerates the operating deficiencies in his monitoring system. The bracelet still sent a signal to the base unit and the base unit still detected whether the bracelet was attached and whether it exceeded the allowed distance from the base unit. Also, the statute states it is escape from lawful custody if a person "abscond[s] after *removing* an electronic monitoring device from the person's body." Minn.Stat. § 609.485, subd. 2 (2000) (emphasis added). The state presented evidence that appellant violated that portion of the statute.

Finally, appellant contends that the state's decision to charge him with escape constituted vindictive prosecution in the

aftermath of this court's earlier reversal of convictions for appellant's conduct after he absconded.[1] This issue was not raised at trial, and the state had no opportunity to respond to the assertion. *See State v. Christian,* 657 N.W.2d 186, 195 (Minn. 2003) (deciding not to reach merits of appellant's ineffective assistance of counsel claim where record did not provide sufficient basis for review). As a result, we affirm the conviction without comment on the vindictive prosecution issue, which appellant can raise in postconviction proceedings.

## DECISION

Under Minn.Stat. § 609.485 (2000), appellant, who absconded from electronic monitoring, was properly convicted of escaping lawful custody notwithstanding he was on an intensive supervised-release program.

**Affirmed.**

1. Appellant's earlier conviction was reversed in *State v. Wickner,* No. C0–01–1020, 2002 WL 977313 (Minn.App. May 14, 2002). Subsequent to the trial in the case reviewed here, appellant was again convicted for conduct occurring after he absconded from electronic monitoring, and appeal proceedings on that conviction are pending.