**STATE of Minnesota, Respondent,**

v.

**Eric James McDONNELL, Appellant,**

**Daniel A. Wall, Appellant.**

**Nos. A03–1358, A03–1512.**

Court of Appeals of Minnesota.

Aug. 24, 2004.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN: Thomas F. Murtha, Aitkin County Attorney, Aitkin, MN; and Robin W. Finke, Swift County Attorney, Benson, MN, for respondent.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant Public Defender, Minneapolis, MN, for appellants.

Considered and decided by PETERSON, Presiding Judge; ANDERSON, Judge; and FORSBERG, Judge.*

## OPINION

PETERSON, Judge.

In these consolidated appeals, appellants challenge their convictions of first-degree driving while impaired, arguing that a 2003 amendment to Minn.Stat. § 169A.03, subd. 21, that excluded a license suspension for underage drinking and driving from the definition of "prior impaired driving-related loss of license" and became effective on August 1, 2003, should be retroactively applied to their driving violations, which occurred before August 1, 2003, because the amendment clarified, rather than changed, existing law. Alternatively, appellants argue that if the 2003 amendment does not retroactively apply to violations that occurred before August 1, 2003, they should benefit from the mitigating effect of the amendment because their convictions were not final on the effective date of the amendment. We affirm.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Following an incident on January 2, 2003, appellant Eric James McDonnell was charged with first-degree driving while impaired (alcohol concentration over .10) in violation of Minn.Stat. §§ 169A.20, subd. 1(5), 169A.24 (2002). At that time, McDonnell's driving record included two license suspensions for underage drinking and driving. McDonnell moved to dismiss for lack of probable cause, arguing that his license suspensions for underage drinking and driving could not be used as a basis for charging him with first-degree driving while impaired. The district court found that because the license suspensions for underage drinking and driving occurred pursuant to Minn.Stat. § 171.18 (2002), the suspensions are prior impaired driving-related losses of license under Minn.Stat. § 169A.03, subd. 21(1) (2002), that provide a basis for charging McDonnell with first-degree driving while impaired. Therefore, the district court denied McDonnell's motion.

In May 2003, the legislature amended Minn.Stat. § 169A.03, subd. 21, to exclude from the statutory definition of "prior impaired driving-related loss of license" any license suspension arising from a violation of Minn.Stat. § 169A.33 (2002), which is the statute that prohibits underage drinking and driving. 2003 Minn. Laws 1st Spec. Sess. ch. 2, art. 9, § 1 (codified at Minn.Stat. § 169A.03, subd. 21(c) (2003)). McDonnell moved for reconsideration of his motion to dismiss in light of the statutory amendment. Following a hearing, the district court denied the motion without making any findings.

The case was submitted to the district court for a trial on stipulated facts pursuant to *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), and the district court found McDonnell guilty of first-degree driving while impaired.

Following an incident on April 24, 2003, appellant Daniel A. Wall was charged with two counts of first-degree driving while impaired (impaired and alcohol concentration over .10) in violation of Minn.Stat. §§ 169A.20, subd. 1(1), (5), 169A.24. At that time, Wall's driving record included one license suspension for underage drinking and driving. Wall moved to dismiss for lack of probable cause, arguing that his license suspension for underage drinking and driving could not be used as a basis for charging him with first-degree driving while impaired. The district court found that a license suspension for underage drinking and driving pursuant to Minn. Stat. § 171.18, subd. 1(12), is a prior impaired driving-related loss of license under Minn.Stat. § 169A.03, subd. 21, and, therefore, the license suspension could be used as a basis for charging Wall with first-degree driving while impaired. The district court denied Wall's motion. Wall waived his right to a jury trial, and his case was submitted to the district court for trial on stipulated facts. The court found Wall guilty of both counts of first-degree driving while impaired.

McDonnell and Wall appealed their convictions, and this court granted their motions to consolidate the appeals.

## ISSUE

1. Does the 2003 amendment to Minn. Stat. § 169A.03, subd. 21, which excluded a license suspension for underage drinking and driving from the definition of "prior impaired driving-related loss of license," retroactively apply to appellants' driving-while-impaired violations?

2. Should the 2003 amendment to Minn.Stat. § 169A.03, subd. 21, which excluded a license suspension for underage drinking and driving from the definition of "prior impaired driving-related loss of license," be applied to mitigate the punish-

ment for appellants' violations because appellants' convictions were not final when the amendment became effective?

## ANALYSIS

### ■ 1. In Minnesota,

It is a crime for any person to drive, operate, or be in physical control of any motor vehicle within this state or on any boundary water of this state:

(1) when the person is under the influence of alcohol; [or] . . .

(5) when the person's alcohol concentration at the time, or as measured within two hours of the time, of driving, operating, or being in physical control of the motor vehicle is 0.10 or more [.]

Minn.Stat. § 169A.20, subd. 1(1), (5) (2002).

For a driver who has previously been involved in certain impaired-driving incidents, driving a motor vehicle while impaired is a first-degree offense. The first-degree driving-while-impaired statute states:

A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:

(1) commits the violation within ten years of the first of three or more *qualified prior impaired driving incidents;* or

(2) has previously been convicted of a felony under this section.

Minn.Stat. § 169A.24, subd. 1 (2002) (emphasis added). " 'Qualified prior impaired driving incident' includes prior impaired driving convictions and prior impaired driving-related losses of license." Minn. Stat. § 169A.03, subd. 22 (2002).

Based on their driving records, both appellants were charged with first-degree driving while impaired. McDonnell does not dispute that his driving record includes August 1998 and September 2002 license revocations for driving with an alcohol concentration over .10 and license suspensions following underage-drinking-and-driving convictions in December 1997 and May 1999, and Wall does not dispute that his driving record includes March 2000 and September 2001 driving-while-impaired convictions and license revocations and an April 2001 license suspension following an underage-drinking-and-driving conviction. But, based on an amendment to Minn.Stat. § 169A.03, subd. 21, that the legislature enacted after appellants were charged, appellants argue that none of their license suspensions for underage drinking and driving can be used as a basis for charging them with first-degree driving while impaired.

When appellants were charged, the statutory definition of "prior impaired driving-related loss of license" included a driver's-license suspension under Minn.Stat. § 171.18. Minn.Stat. § 169A.03, subd. 21(1) (2002). Minn.Stat. § 171.18, subd. 1 (2002), describes 12 circumstances under which the commissioner of public safety may suspend a driver's license. One of these circumstances is that the licensee "has been found to have committed an offense under section 169A.33." Minn.Stat. § 171.18, subd. 1(12) (2002). It is an offense under section 169A.33 "for a person under the age of 21 years to drive, operate, or be in physical control of a motor vehicle while consuming alcoholic beverages, or after having consumed alcoholic beverages while there is physical evidence of the consumption present in the person's body." Minn.Stat. § 169A.33, subd. 2 (2002).

After appellants were charged, the legislature amended the definition of "prior impaired driving-related loss of license" by adding a paragraph to Minn.Stat. § 169A.03, subd. 21, which states, in part, " 'Prior impaired driving-related loss of

license' does not include any license action stemming solely from a violation of section 169A.33 (underage drinking and driving)...." 2003 Minn. Laws 1st Spec. Sess. ch. 2, art. 9, § 1 (codified at Minn.Stat. § 169A.03, subd. 21(c) (2003)). If this amendment applies to appellants' violations, none of appellants' license suspensions for underage drinking and driving is a "prior impaired driving-related loss of license," and there is no basis for charging appellants with first-degree impaired driving because appellants' violations were not committed within ten years of three or more qualified prior impaired-driving incidents as required under Minn.Stat. § 169A.24, subd. 1(1). Without the license suspensions for underage drinking and driving, each appellant has only two qualified prior impaired-driving incidents during the ten years before his current violation.

Appellants argue that although this amendment became effective on August 1, 2003, which was after the violations for which they were charged, the amendment should be retroactively applied to their violations because the amendment clarifies the legislature's intent with respect to using a license suspension for underage drinking and driving as a basis for charging a driver with first-degree driving while impaired. *See State v. Lilleskov,* 658 N.W.2d 904, 908 (Minn.App.2003) (stating "an amendment that merely clarifies the legislature's intent may be applied retroactively").

■ The state argues that appellants forfeited their argument that the statutory amendment should be retroactively applied

as a clarifying amendment because this issue was not raised in the district court. *See Roby v. State,* 547 N.W.2d 354, 357 (Minn.1996) (stating appellate courts generally will not decide issues that were not raised before the district court). But the record indicates that at trial, McDonnell's counsel argued that the statutory amendment should be applied retroactively because the amendment clarified the legislature's intent.[1] Therefore, because each appellant's driving record presents the question whether a license suspension for underage drinking and driving may be used as a basis for charging the appellant with first-degree driving while impaired, we will address the merits of both appellants' arguments in the interests of justice and judicial economy. Minn. R. Civ.App. P. 103.04.

■ Statutory construction is a question of law, which this court reviews de novo. *State v. Anderson,* 666 N.W.2d 696, 698 (Minn.2003). There is a "general presumption that the legislature intends to change the law when they enact an amendment." *State v. Wickner,* 673 N.W.2d 859, 862 (Minn.App.2004), *review denied* (Minn. Mar. 30, 2004). "The presumption of legislative change is rebutted when the language of an amendatory statute is intended to clarify rather than enlarge the powers of the original statute." *Id.* (quotation omitted). But, "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (2002).

The 2003 legislation that amended Minn. Stat. § 169A.03, subd. 21, by excluding a license suspension for underage drinking

---

1. Although McDonnell presented the amendment issue to the district court, the district court made no findings on the issue. When an appellate court is able to infer findings from the district court's conclusions, a remand is not necessary. *State v. Kvam,* 336 N.W.2d 525, 528 (Minn.1983). We infer from the denial of McDonnell's motion, that the district court found that the amendment was not a clarifying amendment that could be applied retroactively.

and driving from the definition of "prior impaired driving-related loss of license" contains an effective-date provision, which explicitly states that the amendment "is effective August 1, 2003, and applies to violations committed on or after that date." 2003 Minn. Laws 1st Spec. Sess. ch. 2, art. 9, § 1. This explicit legislative statement that the 2003 amendment to Minn.Stat. § 169A.03, subd. 21, applies to violations committed on or after August 1, 2003, demonstrates that the legislature did not clearly and manifestly intend the amendment to be retroactive. Therefore, there is no basis for us to construe the amendment to be retroactive, and we conclude that the amendment does not apply to the violations for which appellants were charged with first-degree driving while impaired.

■ 2. Citing *State v. Coolidge,* 282 N.W.2d 511, 514 (Minn.1979), appellants argue in the alternative that because their convictions were not final on the effective date of the 2003 amendment, they should benefit from the mitigating effects of the amendment. In *Coolidge,* the supreme court held that where a defendant in a criminal case is convicted under a statute that is subsequently repealed or amended so as to mitigate punishment, the more recent statute is to be applied to the acts committed before its effective date, so long as no final judgment has been reached. *Id.* at 514–15.

But the principle stated in *Coolidge* applies only in the absence of a contrary statement of intent by the legislature. *Edstrom v. State,* 326 N.W.2d 10, 10 (Minn.1982). As we have already explained, the effective-date provision of the 2003 legislation that amended Minn.Stat. § 169A.03, subd. 21, explicitly states that the amendment applies to violations that occur on or after August 1, 2003. Therefore, because there is a legislative state-ment of intent that the amendment does not apply to appellants' violations, the principle stated in *Coolidge* does not apply to appellants even though their convictions were not final on the effective date of the amendment.

## DECISION

Because the violations for which appellants were charged with first-degree driving while impaired occurred before August 1, 2003, the 2003 amendment to Minn.Stat. § 169A.03, subd. 21, that excluded a license suspension for underage drinking and driving from the definition of "prior impaired driving-related loss of license" does not apply to the violations. Because there is a legislative statement of intent that the 2003 amendment to Minn.Stat. § 169A.03, subd. 21, does not apply to appellants' violations, appellants should not benefit from the mitigating effects of the amendment even though appellants' convictions were not final before the amendment's effective date.

**Affirmed.**