Juan Antonio LUNA-PLIEGO,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

A17-0232

Court of Appeals of Minnesota.

Filed November 20, 2017

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Maria Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Bratvold, Judge.

## OPINION

JOHNSON, Judge

In March 2015, Juan Antonio Luna-Pliego pleaded guilty to a first-degree controlled-substance crime. In June 2015, the district court imposed a sentence of 74 months of imprisonment, which was a presumptive sentence under the sentencing guidelines then in effect. In 2016, the Drug Sentencing Reform Act (DSRA) was enacted. In November 2016, Luna-Pliego petitioned for post-conviction relief, requesting that the district court resentence him under the latest version of the sentencing guidelines, which had been modified in light of the DSRA. The district court denied the petition. We conclude that Luna-Pliego is not entitled to resentencing under the modified sentencing guidelines because his conviction became final before the effective date of section 18 of the DSRA. Therefore, we affirm.

## FACTS

On October 7, 2014, police officers found 95.71 grams of cocaine in Luna-Pliego's home. The state charged him with one count of first-degree controlled-substance crime, in violation of Minn. Stat. § 152.021, subds. 2(a)(1), 3(a) (2014). On March 4, 2015, Luna-Pliego pleaded guilty. On June 4, 2015, the district court imposed a sentence of 74 months of imprisonment, which was the shortest sentence within the presumptive sentencing range for an offender with a criminal-history score of zero. See Minn. Sent. Guidelines 4.A (2014). Luna-Pliego did not pursue a direct appeal.

In 2016, the legislature passed, and the governor signed into law, the DSRA. See 2016 Minn. Laws ch. 160, at 576-92. Among other things, the DSRA amended certain statutory provisions that establish the threshold quantities of controlled substances for certain controlled-substance crimes. See 2016 Minn. Laws ch. 160, §§ 3-5, at 577-82. For example, section 3 of the DSRA increased the quantity threshold for first-degree possession of methamphetamine from 25 grams to 50 grams. 2016 Minn. Laws ch. 160, § 3, at 578 (codified at Minn. Stat. § 152.021, subd. 2(a)(1) (2016)). Section 3 of the DSRA provides that that section "is effective August 1, 2016, and applies to crimes committed on or after that date." 2016 Minn. Laws ch. 160, § 3, at 579.

In addition, section 18 of the DSRA required the sentencing commission to modify certain provisions of the sentencing guidelines. See 2016 Minn. Laws ch. 160, § 18(b), at 591. For example, section 18 of the DSRA required the sentencing commission to classify first-degree controlled-substance crimes as severity level D8 instead of severity level D9. See 2016 Minn. Laws ch. 160, § 18(b)(1), (4), at 591. Consequently, the presumptive sentence for a first-degree controlled-substance crime for a person with a criminal-history score of zero now is 56 to 78 months of imprisonment, whereas it previously was 74 to 103 months of imprisonment. Compare Minn. Sent. Guidelines 4.C (2016) (drug offender

guidelines grid), *with* Minn. Sent. Guidelines 4.A (2014) (standard guidelines grid). Section 18 of the DSRA provides that that section "is effective the day following final enactment." 2016 Minn. Laws ch. 160, § 18, at 591. Because the governor signed the DSRA into law on May 22, 2016, section 18 became effective on May 23, 2016. *See* 2016 Minn. Laws ch. 160, at 592.

On November 8, 2016, Luna-Pliego petitioned for post-conviction relief. He asked the district court to resentence him to 56 months of imprisonment, which, in light of section 18 of the DSRA, is the shortest sentence within the presumptive sentencing range under the modified sentencing guidelines. *See* Minn. Sent. Guidelines 4.C. The district court denied the petition. Luna-Pliego appeals.

## ISSUE

Is Luna-Pliego entitled to be resentenced under the sentencing guidelines that were modified pursuant to section 18 of the Drug Sentencing Reform Act in light of the fact that he was sentenced more than 11 months before the effective date of section 18 and did not pursue a direct appeal?

## ANALYSIS

Luna-Pliego argues that the post-conviction court erred by denying his post-conviction petition. He contends that he is entitled to be resentenced under the current version of the sentencing guidelines, which reflects the modifications required by section 18 of the DSRA.

After the post-conviction court denied Luna-Pliego's petition, the supreme court issued two opinions concerning whether, under the amelioration doctrine, the DSRA applies to crimes committed before the act became effective. In *State v. Otto*, 899 N.W.2d 501 (Minn. 2017), the supreme court held that sections 3 and 4 of the

DSRA do not apply to crimes committed before August 1, 2016, the effective date of those two sections. *Id.* at 503-04. But in *State v. Kirby*, 899 N.W.2d 485 (Minn. 2017), the supreme court held that section 18 of the DSRA does apply to crimes committed before May 23, 2016, the effective date of that section, so long as three requirements are satisfied:

> (1) there is no statement by the Legislature that clearly establishes the Legislature's intent to abrogate the amelioration doctrine; (2) the amendment mitigates punishment; and (3) final judgment has not been entered as of the date the amendment takes effect.

*Id.* at 490.

The supreme court concluded in *Kirby* that each of the three requirements of the amelioration doctrine was satisfied. *Id.* at 496. The supreme court engaged in extensive discussion of the first two requirements. *Id.* at 490-96. The supreme court resolved the third requirement by stating simply that "Kirby has not had final judgment entered in his case." *Id.* at 496. The case was before the supreme court on Kirby's direct appeal from his conviction, and the parties agreed that the third requirement was satisfied. *See id.* at 487, 490.

To resolve Luna-Pliego's argument, we look to the three requirements of the amelioration doctrine. *See id.* at 490. We need not analyze the first or second requirements because the supreme court's analysis in *Kirby* applies to this case as a matter of law. *See id.* at 490-96. The only question that we must resolve in this appeal is whether Luna-Pliego can satisfy the third requirement of the test: that "final judgment has not been entered as of the date the amendment takes effect," *i.e.*, as of May 23, 2016. *See id.* at 490; *see also* 2016 Minn. Laws ch. 160, § 18, at 591.

A district court enters final judgment in a criminal case "when the district court enters a judgment of conviction and imposes or stays a sentence." Minn. R. Crim. P. 28.02, subd. 2(1). But a defendant may appeal from a final judgment. *Id.* In felony and gross misdemeanor cases, a defendant who wishes to appeal from a district court's entry of final judgment must file a notice of appeal "within 90 days after final judgment." Minn. R. Crim. P. 28.02, subd. 4(1), (3)(a). In misdemeanor cases, the applicable time period is 30 days. Minn. R. Crim. P. 28.02, subd. 4(3)(b).

In *Kirby*, the defendant committed his offense in November 2013 and was sentenced in October 2014. 899 N.W.2d at 487. He timely filed a notice of appeal. *Id.* He challenged certain evidentiary rulings that had been made during his trial and also challenged the sufficiency of the evidence. *Id.* at 488. This court rejected his arguments and affirmed his conviction. *State v. Kirby*, No. A15-0117, 2016 WL 3884245, *4-7 (Minn. App. July 18, 2016), *rev'd on other grounds*, 899 N.W.2d 485 (Minn. 2017). While his appeal was pending in this court, the DSRA was enacted. *Kirby*, 899 N.W.2d at 487; *see also* 2016 Minn. Laws ch. 160, at 592. Kirby petitioned the supreme court for further review and, for the first time, requested resentencing under the DSRA, and the supreme court granted further review on that issue. *See Kirby*, 899 N.W.2d at 488.

■ The *Kirby* case illustrates that, even if a district court has entered final judgment, a defendant's case is not final for purposes of the third requirement of the amelioration doctrine if the defendant has timely filed a notice of appeal and the direct appeal is still pending. *See id.* at 490. This is so because "[a]n appeal suspends a judgment and deprives it of its finality, and that lack of finality continues until the appeal is dismissed or until the

appellate court has pronounced its decision." *State v. Lewis*, 656 N.W.2d 535, 537 (Minn. 2003) (alteration in original) (quotation omitted) (concluding that defendant may rely on state supreme court opinion issued during pendency of defendant's direct appeal).

■ Even if a defendant does not pursue a direct appeal, the finality of a district court's judgment may be suspended in some circumstances. If a defendant does not pursue a direct appeal and later, in a post-conviction action, seeks to apply a United States Supreme Court opinion that announced a new rule of federal constitutional criminal procedure after the district court entered judgment, the district court's judgment is deemed to have become final when it " 'has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari [has] elapsed or a petition for certiorari [has been filed and] finally denied.' " *O'Meara v. State*, 679 N.W.2d 334, 339 (Minn. 2004) (alterations in original) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 712 n.6, 93 L.Ed.2d 649 (1987)), *overruled on other grounds by Danforth v. Minnesota*, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008); *see also Danforth v. State*, 761 N.W.2d 493, 497-500 (Minn. 2009) (adopting federal finality rule as matter of state law). The same finality rule applies if a defendant does not pursue a direct appeal and later, in a post-conviction action, seeks to apply a state supreme court opinion that announced a new rule of state sentencing law after the district court entered judgment. *See Hutchinson v. State*, 679 N.W.2d 160, 161-62 (Minn. 2004) (applying *Griffith* and *Lewis*).

In this case, the district court entered final judgment on June 4, 2015, when it imposed a sentence. Luna-Pliego did not pursue a direct appeal. Luna-Pliego's felony conviction became final for purposes of

the amelioration doctrine no later than September 2, 2015, when his right to file a direct appeal expired. *See Campos v. State,* 816 N.W.2d 480, 488 n.6 (Minn. 2012) (concluding that conviction of post-conviction petitioner who did not file direct appeal became final at expiration of 90-day period for direct appeal); *O'Meara,* 679 N.W.2d at 340 (same). Section 18 of the DSRA, the section on which Luna-Pliego relies in this post-conviction action, did not become effective until May 23, 2016. *See* 2016 Minn. Laws ch. 160, § 18, at 591. Thus, final judgment in Luna-Pliego's case was entered before the effective date of section 18 of the DSRA. Therefore, Luna-Pliego cannot satisfy the third requirement of the amelioration doctrine, which means that section 18 of the DSRA does not apply to his request for resentencing.

## DECISION

The post-conviction court did not err by denying Luna-Pliego's post-conviction petition in which he sought to be resentenced under the sentencing guidelines that were modified pursuant to section 18 of the DSRA.

**Affirmed.**